# Thomas v. The State.

### *Indictment for Murder.*

1. *Evidence; right of witness to explain contradictory statements.*—Where, on a trial under an indictment for murder, a witness, on cross-examination, testifies that on the preliminary examination of defendant before a magistrate he made certain statements, which tended to contradict his testimony on direct examination, it is admissible for the witness to explain the seeming conflict in his evidence on the two occasions.

2. *Same; testimony excluded by the court of its own motion.*—Where, on the cross-examination of a witness, it is shown that his testimony on direct examination tended to contradict statements made by him on the preliminary examination of defendant, which seeming conflict he is allowed to explain, it is error for the court, of its own motion and against the objection of defendant, to exclude from the jury all the evidence of said witness in reference to the statements made by him before the magistrate on the preliminary examination.

3. *Charge of court to jury; invasive of province of the jury.*—Where, on a trial for murder, there was evidence that upon defendant cursing deceased, the latter picked up a wooden chair and advanced on defendant, threatening to strike him, a charge which instructs the jury that a wooden chair, when used by a man of ordinary strength and aimed, within striking distance, at the head of another, is a dangerous weapon, is properly refused, as being invasive of the province of the jury; such question being determinable by the jury only, and not by the court.

4. *Same; requiring court to pass on the weight of the evidence.*—In such a case, an instruction that "The court charges the jury that the defendant did not provoke or encourage the difficulty," is properly refused, because it requires the court to pass on the weight of the evidence.

5. *Same; self-defense.*—On a trial for murder, a charge upon self-defense, which ignores in its instructions the doctrine of retreat, is properly refused.

6. *Same; two theories deducible from the evidence.*—In a criminal case it is proper to refuse a charge which instructs the jury "that if two theories are developed by the evidence, and according to the evidence of the one theory he would be guilty, but according to the evidence supporting the other theory he would be innocent, and the jury can not tell which testimony presents the truth, then they should give the prisoner the benefit of the doubt, and accept as true that evidence

which is consistent with his innocence, and find him not guilty;" such charge is calculated to confuse and mislead the jury.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant was indicted, and tried for the murder of one Frank Atkins, and was convicted of murder in the second degree, and sentenced to the penitentiary for thirteen years.

The evidence introduced by the State tended to show, that at a meeting of a "benevolent association," in the city of Mobile, in which the defendant and the deceased participated, a dispute arose between them, whereupon the defendant cursed the deceased, using very opprobrious epithets; that immediately upon the defendant's cursing him, the deceased got up out of his chair, and, catching hold of it, advanced on the defendant, who backed away from him a few steps; that the deceased raised the chair in a striking attitude, and the defendant drew his pistol; that the deceased, upon seeing the pistol, backed away a few steps, and that the defendant advanced a step or two and fired one shot at Atkins, which wounded him, and from the effects of which wound he died the next day.

The evidence for the defendant tended to show that the deceased advanced upon him with a heavy wooden chair and struck a blow aimed at his head; that the defendant warded off this blow with his arm, and that as the deceased was about to strike him a second time, he fired.

The only rulings upon the evidence to which exception was reserved, are sufficiently shown in the opinion. The defendant requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked: (52.) "An ordinary chair made all of wood and such as is described by witnesses in this case, may, under some circumstances, be a dangerous weapon." (53.) "A chair made all of wood, and such as is described by witnesses in this case, may become a deadly weapon, when used by one man in a fight with another, as a weapon to strike with." (54.) "The court charges the jury that the defendant did not provoke or encourage the difficulty." (56.) "A chair made all of wood, and such as is described by witness in this case, is, when used by a man of ordinary strength

[Thomas v. The State.]

as a weapon to strike with, a deadly weapon, if aimed at the head of the man intended to be struck by it, within striking distance." (57.) "An ordinary chair made all of wood, is a dangerous weapon." (A.) "The court charges and instructs the jury that the law will justify the taking of human life when it is done from necessity, to prevent the commission of a felony, or to preserve one's own life, or his person from great bodily harm. The necessity which exculpates the defendant from guilt need not be actual. If the circumstances be such as to induce a reasonable belief on the part of the defendant that such necessity exists, the law will acquit the slayer of all fault and guilt. The law requires that the circumstances should be such as to create a reasonable belief of impending necessity. The circumstances ought to be ascertained by the jury from the standpoint of the defendant at the time of the killing, and not from the standpoint of the jury at the trial; and the jury may consider the condition as well of the party killing as that of the party slain; and if they find the circumstances such as to create a reasonable belief in the mind of the defendant that his danger was imminent, then the law would say he might shoot in his own defense, and a killing under such circumstances would be justifiable, and a jury should return a verdict of not guilty." (B.) "A chair made all of wood, and such as is described by the witnesses in this case, is, when used by a man of ordinary strength as a weapon to strike with, a deadly weapon; if aimed at the head of another man, within striking distance, when the two men are in a fight and both standing upon their feet; and if the said F. Atkins had such a chair raised within striking distance of the defendant, attempting to strike him on the head with it at the time the defendant shot him, then the court charges the jury that the said F. Atkins had, as a matter of fact, a deadly weapon drawn at that time." (C.) "The court charges the jury that if two theories are developed by the evidence in this case, and according to the evidence supporting the one theory he would be guilty, but according to the evidence supporting the other theory he would be innocent, and the jury can not tell which testimony presents the truth, then they should give the prisoner the benefit of the doubt, and accept as true that evidence which is consistent with his innocence, and find him not guilty."

LESLIE B. SHELDON, for appellant.—The court erred in excluding, of its own motion and against defendant's objection, the testimony of the witness in reference to the statements made by him before the justice of the peace, on the preliminary examination of defendant.— *Perry County v. Railroad Co.*, 65 Ala. 391 ; *Moon v. Crowder*, 72 Ala. 79 ; 1 Rice on Evidence, p. 517, § 259. Charge A. asserted the law correctly, and should have been given.—*DeArman. v. State*, 71 Ala. 356; *Storey v. State*, 71 Ala. 329 ; *Rogers v. State*, 62 Ala. 170.

WM. L. MARTIN, Attorney-General, for the State.

HARALSON, J.—1.   The State introduced in rebuttal a witness who testified, among other things, that he was in the hall the night Atkins was killed by the defendant, and was about 22 or 23 feet from the. parties, and that they were about 10 feet, or perhaps a little more than that, apart from each other.   The object of this evidence was, evidently, to show, that for any thing the deceased was doing or could do, at the time, to injure defendant, he had no excuse for killing him.   This witness, it appears, had been examined before the trial justice on the preliminary examination.   With the view of showing that his statement, first made, as to the position of the parties, when deceased was shot by defendant, was inconsistent with what he swore on the preliminary trial, the defendant proposed to examine him and the court allowed it, touching his statements before the justice.   He stated that he there swore, that Atkins approached Thomas with a chair, and was in a striking position when Thomas shot him, and that this was the truth ; that Atkins advanced on Thomas with a chair and Thomas was retreating from him.   The defendant propounded the question :  "Did you swear as a witness in this case, before justice Thrower, that Atkins approached Thomas with a chair, and was in a striking position when Thomas shot?"   The solicitor objected to the question on the ground,  "that the examination was in rebuttal, and the defendant could not introduce witnesses to contradict."   The ruling of the court on this question is stated to have been, "that it was competent to show, that the witness had made two different statements."   The witness answered that he had so sworn

before the justice, and started to make a further explanation of what he swore, when defendant's counsel interposed an objection to the witness making any further statement. The evidence was certainly competent, as the jury might draw inferences from the two statements, unfavorable to the credibility of the witness in the evidence he was then giving. Defendant, at this point, objected to the witness making any further statement in reference to his testimony before the justice. But, the court ruled as the bill of exceptions states, "that the witness might explain, if he could." It was then added : "The witness then swore, I said before Thrower, that Atkins approached Thomas with a chair and was in a striking position, and this was the truth ; * * that Atkins had the chair in the attitude of striking, and that Thomas pulled his pistol and made one or two steps towards Atkins and fired." The statement then follows : "The court ruled out all what the witness had testified before the justice on the preliminary examination." The defendant objected to this, the objection was overruled, and the defendant excepted. It thus appears that *all* the evidence of this witness touching his statements before the justice, including that called out and properly admitted at the instance of the defendant, as well as that admitted after the defendant objected to any further statement by the witness, which the court again properly ruled he might make by way of explanation of any seeming conflict in his evidence on the two occasions, was excluded by the court of its own motion, and against the objection of defendant. In this the court erred.

2. The charges requested by the defendant were each properly refused ; the ones numbered 52, 53, 56 and 57, and the one marked B, in that they required the court to pass upon matters, which, under the evidence, were properly determinable by the jury ; and the last, for the further reason, that it is argumentative ; 54, because it required the court to pass on the weight of the evidence; and the one marked A, for that it is argumentative, misleading, and ignores the doctrine of retreat. The remaining one, marked C, has been repeatedly held to be erroneous.—*Carpenter v. The State*, 98 Ala. 31 ; *Fonville v. The State*, 91 Ala. 40 ; *Gibson v. The State*, Ib. 64.

For the single error indicated, the judgment of the city court must be reversed.

Reversed and remanded.