# Anderson v. The State.

### Indictment for Seduction.

1. *Seduction; evidence of prosecutrix as to what induced the intercourse not admissible.*—On a trial under an indictment for seduction, the prosecutrix can not testify that she was caused to have improper intercourse with the defendant by his declarations of love for her and his promise of marriage; the facts should be stated, and the jury left to infer from them whether the prosecutrix was seduced by the alleged acts or conduct of the defendant.

2. *Leading questions; allowance thereof not revisable on appeal.*—The allowance of leading questions is within the discretion of the trial court, and is not revisable on appeal.

3. *Evidence; explanation of discrepancies in former testimony admissible.*—On a trial under an indictment for seduction, for the purpose of explaining the discrepancies between her testimony in a bastardy proceeding, growing out of the alleged seduction, and her testimony in the pending trial, it is competent for the prosecutrix to testify that she was so scared and embarrassed in the bastardy trial that she did not remember the facts.

4. *Confessions; when not admissible.*—When, on a trial for seduction a witness testifies that, after defendant's arrest for bastardy, growing out of the alleged seduction, witness told him he could not get out of the charge, and it would be better for him to tell witness all about it, and he would buy defendant's crop and assist him to leave the country, and that defendant replied, "I have no way of proving myself out, and am going to leave," such confession by defendant is not admissible in evidence, because it is shown to have been involuntary.

5. *Same; same.*—When in such case, the officer who arrested the defendant on the charge of bastardy, testified that he told the defendant that the brothers of the prosecutrix were going to force him to leave the country, and it would be lighter on him to own up, as he could not deny the charge, and that thereupon defendant replied, "I have no witnesses to prove myself out; and it may be that I had better own up," such confession by defendant is not admissible in evidence, as it is shown to have been involuntary.

6. *Proof of venue; suggestion by the court.*—When, in a criminal case the State's evidence is closed without having proved the venue of the

[Anderson v. The State.]

crime charged, it is not improper for the presiding judge to suggest to the solicitor for the State that the *venue* had not been proved.

7. *Argument of counsel to jury.*—In the argument of a criminal case to the jury, counsel should not be restricted by a narrow or rigid rule, and should be allowed reasonable license in discussing the evidence adduced on the trial and the inferences to be drawn therefrom, but should not be allowed to state as a fact that of which there is no evidence, and which would not have been relevant evidence if offered ; and if counsel for the State is allowed to transcend this limit, against the objection and exception of the defendant, in a matter which may prejudice, it is a reversible error.

8. *Same.*—Where on the trial for seduction there was some evidence tending to intimate that another than the defendant was the father of the child of the prosecutrix, it is improper for the solicitor to state in his argument before the jury that the intimation about the other person was not true, "he came from too nice a family to do such a thing. His father reared him better. You all know his father. He is one of the best citizens of this county, and you know it;" such statement being clearly beyond the domain of legitimate argument.

9. *Seduction; charge of court to jury.*—On a trial under an indictment for seduction, a charge requested by the defendant which authorized his acquittal, unless the jury believe beyond all reasonable doubt that the seduction was accomplished by a promise to marry is properly refused; since if the seduction was induced by means of temptations, arts or flattery, the offense is as complete as if accomplished by a promise of marriage.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JOHN B. TALLY.

The appellant in this case, Adolphus E. Anderson, was indicted, tried and convicted for the seduction of Izora Compton ; and sentenced to the penitentiary for five years.

The evidence for the State tended to show that the defendant was guilty as charged in the indictment; while the defendant attempted to show that the said Izora Compton was unchaste.

Thomas Bright, a witness for the State, testified that "the defendant came to where he was at work in his field in April, 1893, [after he had been arrested for bastardy— the result of the seduction of said Izora] ; and that witness told defendant that he could not get out of the charge of bastardy ; and that it would be better to tell witness all about it, and then he (witness) would buy defendant's crop, and assist defendant in leaving the country ; and that defendant then said : "I have no

[Anderson v. The State.]

way of proving myself clear, and am going to leave.' "
The defendant then moved to exclude all of this witness's
testimony " about defendant's going to leave," and duly
excepted to the court's overruling his motion. Lee May-
field was introduced as a witness for the State, and tes-
tified "that he was the officer who arrested the defen-
dant in April, 1893, on a warrant issued out of the jus-
tice court, charging defendant with bastardy ; and that
on his return with the prisoner, he (witness) told the
prisoner that the Compton boys were going to force him
to leave the country, and it would be lighter on him, as
he could not deny the charge, if he would own up.'
This witness was then asked :  " What did the defen-
dant answer to the remark made by you? "  The defen-
dant objected to this question, and  duly excepted to the
court overruling his objection.  The witness answered :
" He said, 'I have no witnesses to prove myself out;
and it may be that I had better own up.' "  The defen-
dant moved to exclude this answer, and duly excepted to
the court overruling his motion.

After the prosecuting attorney had announced that he
would close the case for the State, the court suggested to
him that "you had better prove that the offense was
committed in this county." The defendant duly ex-
cepted to this remark.  The State then proved the *venue*
of the crime to have been in Blount county, before
the finding of the indictment.  During his open-
ing argument, the prosecuting attorney used the follow-
ing language :   " It is intimated here that young Self is
the father of this child.  It is not true.  He came from
too nice a family to do such a thing.  His father reared
him better.  You all know his father.  He is one of the
best citizens of this country, and you know it.''  The de-
fendant objected to this portion of the argument, and
moved the court to exclude it from the jury ; but the
court overruled his objection, and the defendant duly ex-
cepted.

The defendant requested the court to give the jury the
following written charge, and duly excepted to the re-
fusal of the court to give it :  " The word seduction
means more than illicit sexual connection.  Under the
statute it means the surrender of chasity, a surrender of
a woman's personal virtue, and the jury must believe
from the evidence, beyond all reasonable doubt, that Izora

Compton surrendered her chasity, or personal virtue, by the promise of marriage by the defendant before they can find the defendant guilty as charged in the indictment.''

COLEMAN & DAVIDSON, for appellant.

WM. L. MARTIN, Attorney-General for the State.

HEAD, J.—The defendant was indicted and tried for the offense of seduction under the statute, (Code, § 4015), which provides that ''Any man, who, by means, of temptation, deception, arts, flattery, or a promise of marriage, seduces any unmarried woman in this State, must, on conviction, be imprisoned in the penitentiary,'' &c., ''but no indictment or conviction shall be had, under this section, on the uncorroborated testimony of the woman upon whom the seduction is charged; and no conviction shall be had if, on the trial, it is proved that such woman was, at the time of the alleged offense, unchaste.''

Against the objection and exception of the defendant, the prosecutrix was allowed to testify, upon interrogation by the solicitor, that she was caused to have improper intercourse with the defendant by his declaration that he loved her, and his promise to marry her. This testimony was illegal upon well recognized principles, and was expressly so ruled by this court, in *Wilson v. State*, 73 Ala. 527. The facts should have been stated, and the jury left to infer from them whether the woman was induced to submit herself to improper intercourse by the alleged acts or conduct of the defendant.

The same witness, whose testimony, in some respects, appeared to be inconsistent with what she testified, on the same subjects, on a former bastardy trial, was asked by the solicitor, against the defendant's objection and exception, ''Were you not so scared and embarrassed before the justice of the peace that you did not remember what you were testifying to?'' She answered that she was. This question is a most flagrant violation of the rule against leading questions, but the allowance of such is confided to the discretion of the trial court, and not revisable here. We construe the latter part of the question to mean that the witness did not remember the facts of the case, and not, as literally stated, that she did not

then remember what she was testifying to. It was competent for her to testify that she was so scared and embarrassed before the justice that she did not remember the facts, for the purpose of explaining, as far as the same is valuable as an explanation, the discrepancies between her testimony then given and that given on this trial.—*Johnson v. State*, 102 Ala. 1.

The confessions of the defendant deposed to by the witnesses, Thomas Bright and Lee Mayfield, respectively, instead of being shown by the State to have been voluntary, were expressly and unmistakably shown to have been involuntary. The court clearly erred in admitting them.

· There is nothing improper in a suggestion by the presiding judge to the solicitor, upon the close of the State's evidence, to the effect that he had ommitted to prove the *venue*.

That portion of the solicitor's speech which was objected to, most clearly went beyond the domain of legitimate argument. Counsel should abstain from such palpable abuses of the privilege of argument; and the court should suppress them whenever attempted.

If the charge requested by the defendant, as it is framed, be not calculated to mislead in other respects, it is faulty in confining the inducement to a promise of marriage. If a seduction was induced by means of temptations, arts, or flattery, the offense was as complete as if by a promise of marriage.

In reference to the admission of evidence of extra judicial confessions of the prisoner, (which comprehends any statement made by him out of court which tends to involve him in guilt of the crime with which he is charged) we desire to call attention to the case of *Bradford v. State*, at the present term, *ante*, p. 68. There is no necessity, if the trial courts will observe proper care, for doubtful questions being brought before us, touching confessions in those cases where mere formal proof of the voluntary character of the confessions would obviate all question. Nothing in this or that case is intended to impair the rule that involuntary confessions may be admitted when they point to the discovery of physical facts which are discovered and proven in connection with the confession.

There is nothing in any of the other exceptions reserved by the defendant.

Reversed and remanded. Let the prisoner remain in custody until discharged by due course of law.