# Linnehan *v.* The State.

*Indictment for Murder.*

1. *Homicide; conviction for manslaughter can be had under an indictment for murder.*—Under an indictment for murder, a conviction may be had for manslaughter in the second degree, (Cr. Code of 1896, § 5306).

2. *Evidence; general objection; when available.*—Objection to evidence to be available, must specify the grounds thereof; and mere general objections are properly overruled, unless the evidence offered is patently inadmissible.

3. *Same; motives for particular acts of defendant admissible on his cross-examination.*—While it is not competent for the defendant, who is examined in his own behalf, to testify on direct examination as to his motives in the doing of certain acts, it is permissible, upon the cross-examinasion of the defendant, to inquire as to his motives for particular acts testified to by him, which were relevant to the issues involved in the case.

4. *Trial and its incidents; examination of witness; motioning of attorney's hand in illustration of question unobjectionable.*—In the examination of a witness, there is nothing objectionable in the attorney conducting the examination, standing before the witness and motioning his hand in illustration of the question asked.

5. *Evidence; cross-examination; testimony as to conversation some time after confession inadmisstble.*—Where a witness, on direct examination, testified to a conversation with the defendant, in which

the defendant confessed his guilt, it is not competent, on the cross-examination of such witness, to ask him concerning an independent conversation had between him and the defendant, some time after (even twenty minutes) the conversation in which the confession was made; there being shown no connection between the later conversation and the previous one, which had been terminated.

6. *Trial and its incidents; judgment and sentence as to costs.*—Under the statute (Cr. Code of 1896, § 4532), when the defendant is sentenced to hard labor for the county, and an additional sentence for the payment of the costs of conviction is imposed, the court must determine the time required to work out such costs at the rate of thirty cents per day, which determination must be shown in the judgment and sentence of the court; and a judgment as to the costs that it is "ordered and adjudged by the court that the defendant perform additional hard labor for the county, not to exceed 8 months, as will be sufficient to satisfy the costs in the case, working at thirty cents per day," is not a compliance with the statute, and is insufficient.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

The appellant, John Linnehan, was indicted and tried for murder, was convicted of manslaughter in the second degree, and sentenced to hard labor for the county for one year.

The evidence introduced by the State tended to show that in Walker county, Alabama, before the finding of the indictment, the defendant, John Linnehan, killed Allen Oakley by shooting him with a pistol, and then tended to show that the killing was done under the following circumstances: One George Fram was to have a trial before the Mayor of Carbon Hill. Oakley was the marshal of said town. The case was continued, and when Oakley walked out on a small porch in front of the Mayor's office, Linnehan asked him why the trial had been put off. Oakley replied that he was running that court; whereupon Linehan told him that "he was running it in the hell of a way." Linnehan stepped down from the porch, and put his hand in his hip pocket. Oakley told him to go off, that he wanted peace. Linnehan then started up the street and said "Damn you, if you have not got peace, I will give it to you." Oakley told him that he must not curse him, and stepped down

[Linnehan v. The State.]

from the porch. When Linnehan was about 15 feet from Oakley he used a very opprobrious epithet towards him, and drew his pistol and held it by his side, and as Oakley advanced to within 8 or 10 feet from Linnehan, Linnehan turned and shot at Oakley. Oakley then turned to leave and took 2 or 3 steps when Linnehan shot again, striking Oakley in the shoulder, from which wound he died.

The evidence for the defendant tended to show that after Linnehan used the opprobrious epithet to Oakley, Oakley stepped down from the porch and put his hand to his hip pocket and started towards Linnehan, pulling and jerking at something in his pocket, and that. then it was that Linnehan fired. The facts pertaining to the rulings of the trial court upon the evidence, which are reviewed on the present appeal, are sufficiently stated in the opinion.

The bill of exceptions recites that "During the examination of the defendant, the solicitor stood up in front of him and near to him, and asked defendant, 'If Oakley did not tell him to go on off just before the shooting, and motion this way ?'" The solicitor had both hands raised and motioned to go away. The defendant objected to the manner of the solicitor. The court overruled the objection, allowed the solicitor to proceed in the same manner, and to this ruling the defendant duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury believe the evidence, they will the defendant not guilty." (2.) "The court charges the jury that if the defendant relies on a justification of his acts partly by threats made against him by Allen Oakley before the killing, then such threats will be justification of the killing, if the jury find from the evidence that deceased, at the time of the killing, was manifesting an intention of carrying such threats into execution, by a positive act then done, or that from the acts of Allen Oakley at the time of the killing, it would have appeared to a reasonable mind, under the circumstances, that the deceased was. attempting to execute the threats against

[Linnehan v. The State.]

defendant, and there was no reasonable means of escape without increasing the danger, and the defendant was not at fault in bringing on the difficulty." (3.) "The court charges the jury that a person charged with murder and who is not at fault in bringing on the difficulty, who seeks to justify himself on the ground of threats against his own life, is permitted to introduce such threats so made, and the same should be regarded as affording a justification for the killing, if it be shown that at the time of the homicide the person killed, by some act done, manifested an intention to execute the threats so made, or reasonably appeared to defendant to be so doing, if said threats had been previously communicated to this defendant, and it is shown that there was no reasonable means of escape without increasing the peril."

After the return of the verdict and before sentence, motion was made by the defendant in arrest of judgment, upon the grounds as stated in the opinion. This motion was overruled, and the defendant duly excepted.

COLEMAN & BANKHEAD, for appellant.—Under an indictment for murder, a defendant cannot be convicted of manslaughter in the second degree.—*Bruner v. State*, 58 Ind. 159; *Brown v. State*, 110 Ind. 486; *Com. v. Bilderback*, 2 Pars. Eq. Cas. (Pa.) 452; *Walters v. Com.*, 44 Pa. St. 135; *Com. v. Gable*, 7 S. & R. (Pa.) 423.

The question asked the defendant by the solicitor, on cross-examination, calling for his motives in reference to certain cases testified to, were incompetent, and the court erred in overruling the objection of the defendant thereto.—*Burke v. State*, 71 Ala. 382; *Downey v. State*, 115 Ala. 108.

The judgment for costs does not show when the sentence will expire, and it was, therefore, not a compliance with the statute.—Cr. Code of 1896, § 4532.

WILLIAM C. FITTS, Attorney-General, for the State. The motion in arrest of judgment was properly overruled. Under an indictment for murder, the defendant could be convicted for manslaughter in the first degree.

[Linnehan v. The State.]

*Burton v. State*, 118 Ala. 109; *Johnson v. State*, 94 Ala. 35; *Brown v. State*, 109 Ala. 71; *Evans v. State*, 109 Ala. 12.

The objections to evidence were general, and did not designate the grounds of objection, and, therefore, cannot be considered at all.—*Gunter v. State*, 111 Ala. 23.

DOWDELL, J.—The defendant was tried and convicted of manslaughter in the second degree, under an indictment for murder. Motion was made by the defendant in arrest of judgment "on the ground that the defendant, as shown by the record in this case, was not on trial for manslaughter in the second degree." This motion was overruled by the court, and we have no doubt of the correctness of the ruling. There is nothing in the contention that a conviction for manslaughter in the second degree cannot be had under an indictment for murder. The charge in the indictment of the higher offense of murder includes the lower grades of homicide. Manslaughter in the second degree is an unlawful killing, and is necessarily included in an indictment for the higher offense of murder. The question raised by this motion is fully answered by the statute.—Code, 1896, § 5306. See, also, *Hudson v. State*, 34 Ala. 253; *Henry v. State*, 33 Ala. 389; the latter case overruling *Bob v. State*, 29 Ala. 20.

The defendant testified as a witness in his own behalf, and upon his cross-examination by the solicitor, was asked if he put the pistol in his pocket and followed Oakley (the deceased) down the street, the time the witness, J. R. Cooper, testified about. The defendant answered, that he put the pistol in his pocket and went down the street the same way Oakley had gone. The solicitor then asked the witness, "What did you get that pistol for?" The defendant objected to the question, the court overruled the objection, and required the witness to answer; and the answer was; "Just got it and put it in my pocket." Motion was made by defendant to exclude the answer, which was overruled, and exception to the ruling reserved. The defendant further testified on cross-examination, that he went down the street and stood awhile, and went back and put it (the pistol) up. The solicitor then asked the witness: "How came you

to put the pistol up when you went back?" to which he answered: "Because Cooper said it was Naugher's pistol." This question and answer were also objected to by the defendant, and exception reserved to the action of the court in overruling the objection.

The objections made to both of these questions were general, not specifying any ground, and for that reason were bad.—*Gunter v. State,* 111 Ala. 23. But apart from the generality of the objection, it was permissible upon a cross-examination of the defendant, when sworn as a witness in his own behalf, to inquire as to his motives for particular acts relevant to the issues, though it would not be competent for him to testify as to his motives as an excuse for his acts, upon his direct examination. If the evidence sought to be elicited by the question to the defendant, was to show that the defendant had put the pistol in his pocket and gone down the street, the way Oakley, the deceased, went, for the purpose of using it on Oakley, and this was within the scope and purview of the question, then it was certainly competent. The case of *Burke v. State,* 71 Ala. 382, cited by counsel for defendant, does not contravene this proposition. In that case it was decided that the defendant testifying in his own behalf, could not, on his direct examination, tell his motives for certain particular acts of his; and there can be no doubt of the soundness of that decision; but the proposition, and the reasons therefor, are quite different when the adversary party on a cross-examination institutes an inquiry into the motives of the witness, who is a party to the suit, for particular acts of his which are themselves relevant to the issues.

There was nothing objectionable in the solicitor's standing up before the witness and motioning his hands in illustration, when he asked the witness the question, "If Oakley did not tell him to go on off just before the shooting, and motion this way?" See *Gunter v. State, supra.*

One Tesney, a witness for the State, testified to a conversation with defendant in which defendant made certain confessions as to guilt. On cross-examination this witness was asked: "If defendant did not say to him about twenty minutes after the above conversation, that

[Linnehan v. The State.]

he defendant had done nothing wrong and wanted to
come to court and stand his trial." The question being
objected to by the State, the objection was sustained,
and defendant excepted. The court did not err in not
permitting the question to be asked. There was noth-
ing showing that it had any connection with or relation
to the conversation which had. terminated twenty min-
utes previously. It was simply an independent declara-
tion in interest and clearly inadmissible.

The written charges asked were properly refused.
The first written charge was intended as the general af-
firmative charge, and should have been refused, if it had
been correctly written, but it omits the word *find,* which
rendered it unintelligible as asked. The other two
charges are faulty in several respects. They not only
do not assert correct legal propositions, but are involved
and misleading.

In accordance with the verdict of the jury, the court
sentenced the defendant to twelve months hard labor for
the county of Walker, and the costs not being presently
paid nor judgment confessed as provided by the statute,
made additional sentence to hard labor to pay the costs.
The judgment as to costs is as follows : "It is furthur
ordered and adjudged by the court that the defendant
perform additional hard labor for the county of Walker
not to exceed eight months as will be sufficient to satisfy
the costs in the case, working at thirty cents per day."
The court by this sentence and judgment failed to deter-
mine the time required to work out the costs. It is true
the judgment says not to exceed eight months, and work-
ing at the rate of thirty cents a day, but this is not suf-
ficient under, nor a compliance with, section 4532 of the
present code. That section provides that the court must
determine the time required to work out the costs, and
that must be done whenever a convict is sentenced to
hard labor for the county, and this determination of the
time of hard labor for the costs should be shown in the
judgment or sentence of the court. Such a judgment as
the court rendered in this case was held by this court to
be good under the law of the Code of 1876, prior to the
act of February 18, 1895, which enacted the present sec-
tion 4532 into law, but there was no requirement then
that the *court* should *determine the time* required to work

out the costs at thirty cents a day.    This is the only er-
ror contained in the record, and on account of this omis-
sion in the sentence, the judgment of the circuit court
will be reversed as to the sentence, and the cause re-
manded for further sentence by the circuit court as in-
dicated above.

Reversed and remanded.