# Taylor *v.* The State.

### *Embezzlement.*

(Decided June 16, 1910.  52 South. 736.)

*Criminal Law; Judgment; Sufficiency.*—A judgment in a misdemeanor case which fails to ascertain the amount of costs and the number of days sufficient at hard labor for working them out is irregular, and where such appears to be the facts, the supreme court will reverse the cause and remand the same for proper sentence.

APPEAL from Jefferson Criminal Court.
Heard before Hon. S. L. WEAVER.

[Knox v. The State.]

Charles Taylor was convicted of fraululently converting money to his own use, and he appeals. Reversed and cause remanded for proper judgment and sentence.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

DOWDELL, C. J.—The appeal in this case is prosecuted from a judgment of conviction in the criminal court of Jefferson county. There is no bill of exceptions in the record.

The sentence of the court for the costs fails to ascertain the amount of the costs, or to fix the time of hard labor for working out the same. In this respect, and in this only, the judgment is erroneous. Under the authority of *Linnehan v. State,* 120 Ala. 293, 25 South. 6, the judgment must be reversed back to the judgment of conviction, and the cause remanded for proper sentence by the court.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.