145 So. 134

## HAYS v. STATE.

### 6 Div. 244.

Supreme Court of Alabama.

Dec. 22, 1932.

P. A. Nash, of Oneonta, and A. A. Griffith, of Cullman, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**ANDERSON, C. J.**

While the duty to retreat, generally speaking, is an essential element of self-defense, there is a well-recognized exception to the general rule, and that is, when a person is in actual or apparent imminent peril of losing his life, or of serious bodily harm from an assault by the deceased which was unprovoked and manifestly murderous in character, and deceased was then in the act of effectuating his murderous purpose by the use of a deadly weapon, the defendant is under no duty to retreat, but may stand his ground and defend himself. Scruggs v. State, 224 Ala. 328, 140 So. 405, Walker v. State, 220 Ala. 544, 126 So. 848, Beasley v. State, 181 Ala. 28, 61 So. 259, Matthews v. State, 192 Ala. 1, 68 So. 334.

While there was a conflict in the evidence, the defendant's proof showed that at the time the defendant fired the fatal shot the deceased was making an unprovoked effort to shoot him with a pistol, and, this being true, the trial court erred in refusing his requested charge A.

This charge was not covered by the given charges or the oral charge of the trial court. Indeed, the excepted to portion of the oral charge indicated that the duty to retreat was placed on this defendant whether or no, thus, in effect, ignoring his theory and proof connected with the homicide.

One of the state's most important witnesses, "Mrs. Lee Hathcoat," admitted upon cross-examination that she had previously made or signed a statement which was flatly contradictory of her present testimony, and the defendant got the benefit of this contradictory statement. She also made a second statement, and, if it was contradictory of the first statement and corroborative of her testimony, the defendant should have been permitted to show any attendant facts or circumstances inducing her to change from the first to the second statement and which probably influenced her testimony on the trial, but the record fails to show the nature or contents of the second statement, and the trial court cannot be put in error for declining to let the defendant show the circumstances under which it was made. We do not think that the trial court committed reversible error upon any of the rulings upon the evidence.

We have examined all of the defendant's refused charges, and think that charge 2, like charge A, should have been given. The others were either faulty or covered by the oral charge or the defendant's given charges.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.