# Pinkston v. Boykin.

| 130 | 483 |
| 134 | 631 |

*Bill in Equity to annul Sale of Land and cancel Conveyance thereof.*

1. *Bill to annul sale of land and cancel conveyance; sufficiency thereof on motion to dismiss for want of equity.*—Where a bill in equity is filed to vacate the sale of land and to cancel the conveyance thereof, and it is shown by the averments of the bill and the inference of facts adduced therefrom, that the respondent by fraudulent devices, trickery and affirmative misrepresentations of facts, through his agent, misled and deceived the complainant to believe that the lands sold by him were worth less than their real value, that this was done with the intent to defraud complainant

[Pinkston v. Boykin.]

and it did deceive and defraud him, which deceit and fraud led him to make the sale and a conveyance of said lands to the respondent for less than one-half their value, and that said bill was filed immediately upon discovering such fraud, and it is not shown that complainant was wanting in diligence to sooner discover said fraud, and there is contained in said bill an offer to do equity, a motion to dismiss such bill for the want of equity is properly overruled.

2. *Same; demurrer; averments of fraud should be made directly and positively.*—Where a bill is filed to annul and vacate the sale of land by complainant to defendant, and to cancel the conveyance thereof, upon the ground that said sale and conveyance was procured to be made and executed by the fraud of the defendant, the material averments of said bill, showing the fraud complained of, should be made directly and positively, and not left to be deduced by inference from the averments; and if not made directly and positively, such bill is subject to demurrer.

3. *Same; same; name of agent of respondent practicing fraud should be averred.*—In such a bill, where it is averred that the respondent practiced fraud and made affirmative misrepresentations of fact upon the complainant, through his agent, and that by reason of such fraud and trickery on the part of the respondent's agent the complainant was misled and deceived in the making of said sale, the name of the person who is alleged to have acted as the respondent's agent in misleading and deceiving the complainant, should be averred, and the fact that such person was the respondent's agent and that the respondent, therefore, knew his name and identity, constitutes no excuse for the failure to aver the name of such person.

4. *Same; sufficient description of land.*—Where a bill is filed in equity to annul the sale of land and to cancel the conveyance thereof, a description of the land involved in the suit is sufficient, if it furnishes data from which the identity of said land may be fixed with certainty by evidence *aliunde*.

5. *Same; sufficiency of offer to do equity.*—Where a bill is filed to vacate the sale of land and to cancel the conveyance thereof, the averment therein that the defendant has received rents and profits from said lands, more than sufficient to repay him the amount paid to complainant in the purchase, but that if the complainant is mistaken in this averment, he offers to pay any sum which shall finally appear to be due and owing the defendant, and "offers to do and perform such other things as the court may determine to be equitable, thereby fully submitting himself to the equity of the cour such averments constitute a sufficient offer to do equity.

[Pinkston v. Boykin.]

APPEAL from the Chancery Court of Macon. Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellee, Frank Marshall Boykin, against the appellant, James C. Pinkston, to annul and vacate the sale of land by the complainant to the defendant and to cancel the conveyance thereof. As originally filed the bill based the complainant's right to relief upon two grounds, the first that he was a minor at the time of the transaction; and, second, that the sale and conveyance were procured by the fraud of the defendant. The bill was amended by striking therefrom the averments and prayer looking to relief upon the ground of the complainant's minority; and it is, therefore, unnecessary to set out in detail the averments of the bill in this regard.

The substance of the averments of the bill as amended, presenting a case for relief upon the ground that the sale and conveyance sought to be invoked and cancelled were procured to be made and executed by the fraud of the defendant, is sufficiently shown in the opinion. As prefatory to the averments of the bill showing the fraud practiced upon the complainant by the representative or agent of the defendant, the bill contained the following averments: "That well knowing your orator's inexperience and absence of knowledge of the true value of said plantation, said James C. Pinkston conceived the design of procuring by deception and fraud the said plantation from orator at a sum greatly less than its true value." The bill as amended contained the following averments: "That shortly after the first of the notes given for the purchase money matured, all said notes were discounted, and orator had nothing more to do with the transaction. And orator's connection with said transaction thus terminated entirely in a short while after said sale."

The lands involved in the controversy and which were sold and conveyed by the complainant to the defendant were described in the bill as follows: "All that certain plantation or tract of land in the county of Macon, in said State, known as the Shorter plantation, lying near Shorter's depot, on the Western Railway of Alabama, except so much thereof as was turned over to the repre-

sentatives of Lucy B. Noble on a division of said land
between Lucy B. Noble and the reperesentatives of
Clara E. Boykin, containing about two thousand and
two hundred acres, being the same land on said place
as was occupied and held by Frank S. Boykin up to
the time of his death, said land being bounded on the
north by the Tallapoosa river and Calebee creek, on
the east by land of Letcher Jordan and Noble, on the
south by the lands of Noble and Cubahatchie creek,
on the west by estate of Jesse Jordan and lands of John
K. Watson."

After the averment of the facts upon which the com-
plainant based his relief, the bill then continues as fol-
lows: "Orator avers on information and belief that
said Pinkston has, by the reception of rents and profits
from said lands, been largely overpaid the sum, with
interest paid for them by him, after compensating him
for all permanent improvement he has made, if, under
the circumstances alleged, said Pinkston is entitled to
set off the value of such improvements, which orator,
on advice of counsel, avers is not the case. But if he
should be held entitled to such improvements, then your
orator offers to give him credit for the sum on the the
accounting prayed. And if mistaken in the averment
that said purchase money has been fully paid, orator
hereby offers to pay any sum which shall finally ap-
pear to be owing to said Pinkston, and offers to do and
perform such other things as the court may determine
to be equitable, hereby fully submitting himself to the
court." The defendant moved to dismiss the bill as
amended for the want of equity, and also demurred to
the said bill as amended, upon several grounds, which
may be summarized as follows: 1. The bill was not
filed for more than four years after the sale which is
sought to be set aside and vacated, and, therefore, the
rights sought to be enforced are stale. 2. It is not
alleged that the complainant did not know the true
value of the land at the time of the sale. 3. The name
of the person whom it is alleged was the representa-
tive of the defendant and whom the defendant directed
to mislead and deceive complainant is not given. 4.

The complainant does not offer in his bill to do equity. 5. The complainant does not offer to return the money with interest which he received from the defendant, nor does it allege his inability to do so. 6. The complainant, by discounting the notes given for the lands, after he became 21 years of age, confirms said sale. 7. The bill does not show definitely what lands were sold by the complainant to the defendant. 8. There is no allegation in the bill that the alleged fraud could not have been discovered before he discounted the notes and long before he filed the present bill.

On the submission of the cause upon the motion to dismiss the bill for the want of equity and upon the demurrers, the chancellor rendered a decree overruling both the motion and demurrers. From this decree the defendant appeals, and assigns the rendition thereof as error.

WATTS, TROY & CAFFEY, for appellant. — The complainant does not offer to do equity. The averments of the bill in this regard are insufficient. He does not allege that he is not able to refund the money or has not got it, and he does not tender it. He does not offer to do equity. "But if the suit be in equity, and if the money or other valuable thing be still *in esse* and in the possession of the party seeking the relief * * * the bill, to be sufficient, must tender or offer to produce or pay, as the case may be."—*Eureka v. Edwards*, 71 Ala. 257; *Manning v. Johnson*, 26 Ala. 446; *Security Loan Asso. v. Lake*, 69 Ala. 456; *Rogers v. Torbut*, 58 Ala. 526; *Eslava v. Crampton*, 61 Ala. 507.

The averments of the bill showing fraud are not sufficient. These averments are the material ones in the bill and should be made directly and positively. The averments of the bill should be so full and complete that the court could without evidence ascertain the complainant's rights.—*Cockrell v. Gurley*, 26 Ala. 405; *McDonald v. Mobile Ins. Co.*, 56 Ala. 468; *Goldsby v. Goldsby*, 67 Ala. 560. The matters essential to complainant's relief must appear, not by inference, but by clear and unambiguous averments.—*Duckworth v. Duckworth*, 35 Ala. 70; *R. R. Co. v. Lancaster*, 62 Ala. 555; *Reese v. McCurdy*, 121 Ala. 425.

The complainant discounting the notes given for the purchase money of the property, after he arrived at 21 years of age, was a distinct and deliberate act of ratification and makes the conveyance unassailable upon the grounds set forth in the bill.—*Irvine v. Irvine,* 9 Wall. 617; *Shropshire v. Burns,* 46 Ala. 114; *Thomason v. Boyd,* 13 Ala. 420; *Goodman v. Winter,* 64 Ala. 437; *West v. Penny,* 16 Ala. 186; *Slaughter v. Cunningham,* 24 Ala. 260; *Manning v. Johnson,* 26 Ala. 452; *Voltz v. Voltz,* 75 Ala. 566.

The complainant complains that the defendant, a year before the sale, obtained an agent of his to show complainant only the worst parts of the land. He shows that a whole year elapsed after this, within which time he could have informed himself of the true condition of the land. He does not even allege that he did not know the real value of the land at the time of the sale. He does not name the alleged agent or representative of defendant. He leaves this to conjecture. He has permitted the defendant to make valuable improvements which he does not offer to pay for unless he is compelled to do so, and sits quiet for four years and a half within twenty miles of the land, and then says he only discovered the fraud a short time before filing the bill. This will not do. The demand is stale. His claim comes too late.—*Voltz v. Voltz,* 75 Ala. 555.

J. M. CHILTON, *contra.*—Where a contract is induced by a material representation of facts which is untrue, it is no defense to an action for rescission that a party to whom the representation is made had the means of discovering and might, with due diligence, have discovered its untruth; for such party was not put upon inquiry, and had the right to rely on the express statement of an existing fact, the truth of which was not known to him, but was known to the opposite party, as a basis of mutual agreement.—*Rawlins v. Wickham,* 3 DeJ. & J. 304; *Redgrave v. Heard,* 20 Ch. D. 1; *Cottrill v. Crum,* 100 Mo. 397; *Reed v. Burns,* 32 N. Y. 275; *Ledbetter v. Davis,* 121 Ind. 119. The same principle

.[Pinkston v. Boykin.]

has been frequently decided in this State.—*Baker v. Maxwell*, 99 Ala. 558; *Coffer v. Moore*, 87 Ala. 705.

It is well settled that where such a bill is filed within the time in which an action might be brought at law for the corresponding remedy, it cannot, on demurrer, be held to be stale. In such a case, if there be special circumstances that should have quickened action, they must be set up by answer.—*Shorter v. Smith*, 56 Ala. 208, 211; *Scruggs v. Decatur Co.*, 86 Ala. 173, 177; *Edsell v. Buchanan*, 3 Bes. 83; *Brooks v. Gibbons*, 4 Paige 374. After the complainant sold the land, conveyed it and discounted the notes, there was nothing to excite inquiry or charge him with the duty of making it. It was only after the true facts, which had been so long concealed, were brought to light by the confession of a party to the fraud, that the duty of acting attached, and the bill was filed immediately after that. *Henry v. Allen*, 93 Ala. 197; *Tillison v. Ewing*, 87 Ala. 350; *Scruggs v. Decatur Co.*, 86 Ala. 173.

There was no ratification shown by the averments of the bill.—*Parsons v. Johnston*, 84 Ala. 254.

The bill was not subject to demurrer for failure to name the defendant's agent. This is a fact presumed to be known by the defendant, and to be better known by him than the complainant. Therefore, it is not necessary to be alleged.—*George v. Cen. R. R. & Banking Co.*, 101 Ala. 607.

McCLELLAN, C. J.—Bill exhibited by Boykin to annul and vacate a sale of land by him to Pinkston and to cancel the conveyance thereof. The bill as originally filed bases the complainant's supposed right to relief upon two grounds: First, that he was a minor at the time of the transaction, and in anticipation of a defense to this aspect of the case which would be rested on certain proceedings for the relief of complainant from disabilities of non-age and a decree therein. the bill attacked the regularity of those proceedings and the validity of said decree; and, second, that the sale and conveyance was procured to be made and executed by the fraud of Pinkston. On a former submission to the chancellor, respondent's demurrer so far as it went

to the first aspect of the bill was sustained; and there-
upon complainant amended his bill by striking there-
from its averments and prayer looking to relief on the
ground of his minority. Thereupon respondent rein-
terposed his demurrer going to the bill as thus amended
and only the sufficiency of its averments in the second as-
pect stated above intended to make a case of fraud. There
was another submission on a motion to dismiss the bill
for want of equity and on this demurrer and a decree
overruling the motion and demurrer. That is the de-
cree from which this appeal is prosecuted, and, of
course, no question is now presented as to the suffi-
ciency of the original bill in its first aspect.

The case as presented by the bill on the last sub-
mission may be outlined, for the purposes of the motion
to dismiss for want of equity, as follows: At the time
of the transaction attacked complainant was about
twenty years of age, an orphan without any near rela-
tives, having recently theretofore come into an estate
including the plantation in question, and he was inex-
perienced in business and unfamiliar with the said plan-
tation in respect of the quality and condition of the
land, and its value. Desiring to acquaint himself with
the place, which was situated twenty miles from his
residence and thence reached by railway, he went by
train to a near-by station and was there met by a
person who proposed to carry him to the place and show
him over it. He went with this person, who, instead of
showing him all the land, showed only the worst and
least valuable parts of it, where it was old and worn
and washed, and omitted to show him the fresher, more
fertile and more valuable parts of the tract, and as-
sured him that the parts not inspected were of the same
quality and condition as those they had seen. The per-
son was the agent of the respondent, had been sent by
him to the station to receive complainant, carry him to
the place, and to so conduct his inspection of it and so
misrepresent the quality of the parts not inspected as
to mislead and deceive him as to its value as a whole;
and this was caused to be done by the respondent with
a view to leasing the place from complainant for a term

of years for much less than its rental value. The respondent accomplished his object. Complainant by his machinations was misled to undervalue the plantation and to underestimate its rental value, and in consequence was induced to execute a lease to respondent for five years at the annual rent of twenty bales of cotton which was only half of its annual value. About a year after the execution of this lease, Pinkston knowing the unfavorable impression which had been produced upon the mind of complainant as to the value of the plantation by the fraud committed by him through his said agent, conceived (if he had not from the first had such intention) the purpose of acquiring the plantation at greatly less than its real value. With this end in view and taking advantage of complainant's general inexperience and want of special knowledge, such want of knowledge being the result of the agent's fraud, etc., Pinkston offered complainant seven thousand two hundred and fifty dollars for the place, payable partly in cash and for the rest at one, two and three years, representing to complainant at the time that said sum was the full value of the place. Complainant acted upon the belief induced by the fraud of Pinkston's agent and the representations of Pinkston, and accepted this offer, and sold and conveyed the land to Pinkston. The place was in fact worth over fifteen thousand dollars. It is averred in the bill that no knowledge or notice of fraud came to complainant until five days before its filing. The complainant by his bill submits himself to the court and offers to do equity. There are some insufficiencies in the statements of some of the facts relied on for the relief sought, but the facts themselves appear by inference, as conclusions or otherwise as we have stated them; and on the motion to dismiss, the bill is to be taken as amended in respect of the manner of statement. On the facts to which we have adverted, and which in one way or another appear by the bill, a case for equitable relief is presented: They show that the respondent by fraudulent devices, trickery and affirmative misrepresentations of facts through his agent misled and deceived complainant to believe that his plantation was worth less than half its real value, that this

[Pinkston v. Boykin.]

was done with intent to defraud complainant and that it did deceive and defraud him first in making a lease for half of the rental value of the land, and secondly into making a sale of and conveying the property to respondent for less than half of its value. The bill for rescission was filed immediately upon discovering the fraud, and it does not appear by its averments that complainant was wanting in diligence to sooner discover the fraud that had been practiced upon him. The offer to do equity is sufficient, and the chancellor properly overruled the motion to dismiss the bill for want of equity.

But the demurrer should, in our opinion, have been sustained. Material averments in a bill should be made directly and positively, and not left to be deduced by inference from other averments. That complainant was ignorant of the true value of his plantation at the time he sold and conveyed it to the respondent, is not in terms, nor with directness and positiveness alleged. That some other facts which are alleged could not be true unless such ignorance existed, that the existence of such other facts affords an inference, however strong, of the existence of this one does not excuse the failure, or obviate the necessity of the averment in an affirmative way of this very material fact.

The bill should also have averred the name of the person who is alleged to have acted as respondent's agent in deceiving and misleading complainant as to the character and quality of the land. It is no excuse to say as this person was respondent's agent he must know his name and identity. As this person accompanied the complainant to and partially over the place and within five days before bill filed informed him of the fraud he had perpetrated, it would be safe to say that complainant knows his name, and there is no averment that he does not know it. It may be that the defense of this suit will turn upon the issue of agency *vel non,* and, if so, it would be most important for the respondent to be informed by the bill as to the identity of the alleged agent whose fraudulent acts and representations are imputed to him. The assignment of de-

[Gomez *et al.* v. Higgins *et al.*]

murrer going to this omission of the bill is well taken.

In describing the land involved in the suit the bill, to say the least, furnishes abundant *data* from which the identity of the tract may be fixed with certainty by evidence *aliunde*. This is quite sufficient.

The other grounds of the demurrer insisted upon in the brief for appellant are without merit, and moreover are covered by what has been said in considering the motion to dismiss the bill.

The decree overruling the motion to dismiss the bill for want of equity will be affirmed. The decree on demurrer will be reversed, and a decree here entered sustaining the demurrer and allowing complainant sixty days within which to amend the bill.