(79 South. 196)

CONTINENTAL GIN CO. v. EDMONDSON. (7 Div. 426.)

(Court of Appeals of Alabama.   May 14, 1918.)

1. PLEADING  ⬤➙12 — MATTERS WITHIN KNOWLEDGE OF ADVERSE PARTY.
    In detinue for machinery, defendant's plea that plaintiff practiced fraud and made affirmative representations of fact through its agent, and that by reason of such fraud defendant was deceived in execution of paper, upon which plaintiff relied for title or right of possession, was demurrable, where it did not aver name of plaintiff's agent; it being immaterial that plaintiff knew the name of its agent.

2. PLEADING  ⬤➙409(3) — WAIVER OF OBJECTIONS TO PLEA.
    Where issue is joined on a plea, however erroneous, the court will not be put in error for permitting testimony sustaining the issues as made, unless unrecoverable damages are claimed.

Appeal from Circuit Court, Etowah County; John H. Disque, Judge.

Action in detinue for possession of machinery by the Continental Gin Company against S. W. Edmondson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Inzer & Inzer, of Gadsden, for appellant. E. O. McCord, of Gadsden, for appellee.

SAMFORD, J. [1] To the complaint as filed the defendant filed several pleas, among them being plea 5 as follows:

"That the plaintiff, for the title or right to possession in and to the property sued for, relies upon a mortgage, note, or instrument in the nature of a lien, which mortgage, note, or instrument was obtained from this defendant by misrepresentation and fraud in this: Plaintiff's agent, officer, or servant to whom said mortgage, note, or instrument was given, and

who was at the time acting for plaintiff within the scope and line of his duties as such agent, officer, or servant, represented to the defendant, who is and was an ignorant and mentally irresponsible person, and who did not understand and could not read said mortgage, note, or instrument, that it was merely a plain waive note for repairs to be made upon certain machinery, to wit, certain gins and equipment belonging to the defendant, which plaintiff either had already repaired or had agreed to repair, and plaintiff avers that said paper so signed by him was a mortgage, note, or instrument in the nature of a lien not only on the machinery repaired or to be repaired, but embraced and covered other machinery bought by plaintiff and fully paid for by the defendant, and defendant was thereby deceived, misled, and induced to sign said paper by false representation as to its contents."

This plea was demurred to, the demurrers overruled, and this action of the court is here assigned as error. Where it is averred that the plaintiff practiced fraud and made affirmative misrepresentations of fact, through its agent, and that by reason of such fraud defendant was misled and deceived in the execution of the paper, the name of the plaintiff's agent so acting should be averred, and the fact that such person was plaintiff's agent, and that plaintiff therefore knew his name and identity, constitutes no excuse for the failure to aver the name of such person. Pinkston v. Boykin, 130 Ala. 483, 30 South. 398, third headnote. The demurrer raised this objection to plea 5 and should have been sustained.

[2] Under the issues as made by the pleadings, the various rulings of the court upon the admissibility of testimony were without error. It has often been held by this court and the Supreme Court that where issue is joined on a plea, however erroneous, the court will not be put in error for permitting testimony sustaining the issues as made, unless unrecoverable damages are claimed, in which event the question may be raised by motion to strike such damages from the complaint, objection to the evidence, or by charges requested in writing.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.