# Fletcher *v.* T. C. I. & R. R. Co.

*Injury to Servant.*

(Decided Nov. 25, 1909.—50 South. 996.)

1. *Master and Servant; Injury to Servant; Evidence; Jury Question.*—The evidence in this case stated and examined and held not sufficient to create a reasonable inference that the plaintiff was injured by a piece of iron falling from the top of the accumulator, so as to submit that question to the jury for their determination.

2. *Evidence; Irrelevant Unless Quoted.*—Where the action is for injury to a servant by being struck by a piece of iron which fell from the top of the accumulator, evidence that pieces of iron on the top of the accumulator sometimes fell off when they were not piled straight was not admissible in the absence of proof that the iron was not piled straight, or was sticking out at the time the plaintiff was injured or that the conditions were the same then as when iron fell off on previous occasions; especially, where counsel made no statement that it would be rendered relevant by competent testimony.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Dewitt Fletcher, pro ami, against the Tennessee Coal, Iron & Railroad Company for damages. From a judgment for defendant, plaintiff appeals. Affirmed.

The first count is by a license for damages, and the allegations of negligence are general. The second count was charged out. The third count is by an employe, and the neligence is alleged to have consisted in a defect in the condition of the ways, works, machinery, etc. Count 4 is by an employe, and counts on the negligence of one intrusted with superintendence. Count 5 is by an employe, and counts on the negligent order of one Hill, to whose orders plaintiff was bound to conform, and that said Hill negligently ordered plaintiff to work at or near an accumulator, from which there was danger of heavy pieces of iron falling. Counts 6 and 7 went out. Count 8 is by an employe, and alleges the duty of the defendant to furnish a reasonably safe place to work, and charges the failure to perform that duty in putting the plaintiff to work at or near an accumulator, which was dangerous and unsafe by reason of the jarring of said accumulator by machinery, and by reason of the fact that the pieces of iron, or billets of iron or steel, were lying loose on the top of said accumulator, where they were in danger of being shaken or jarred off. Count 9 is the same as count 8, except that it alleges that the danger was a latent one, of which the plaintiff was ignorant.

Huey, a witness for the plaintiff, testified that he was head fireman, and that the plaintiff was firing engine No. 1, and that there was an accumulator or compressor there, which worked up or down by water pressure, and that it was within three feet of boiler No. 1; that in firing the boiler it was necessary to be near by; that the fireman punched the fire and stepped back between the

16—163

boiler and the accumulator; that the accumulator is about 20 feet high; that it goes up and down, and was weighted down with pig iron on top. The witness was asked this question: "State whether or not the old man working there knew that running the accumulator was dangerous." Objection was sustained. Further testifying in reference to the accumulator, witness said: "It was dangerous around the accumulator. The water pressure was strong, and the iron was to hold it down. It goes up and down, and the effect of the movement is to shake it all the time." Witness was then asked this question: "What effect does it have on the iron on top?" Witness answered: "It shakes, and if the iron isn't straight on, sometimes pieces fall off." The answer was excluded on motion. This and similar evidence was offered and excluded. Testifying for himself, the plaintiff said that he had never seen an accumulator before, but that, when he saw it, it was going up and down, and that there was iron on top. "I could see the iron sticking out. I knew it was up there. I could tell, when I looked up at the accumulator, that it was filled up, piled up with pieces of iron." No evidence was introduced showing that the iron from the accumulator struck the plaintiff; the only evidence in that connection being that the firemen were in the habit of stepping back to get fresh air, and that plaintiff stepped back, stepping in between the accumulator and the boiler, and that while standing there, looking at another punch the fire, something struck him on the head and shoulders, rendering him unconscious.

GASTON & PETTUS, for appellant.—The court erred in excluding the evidence that iron sometimes fell off the accumulator when not piled straight, or when sticking out.—8 Ency. of Evid. 923; Id. 915. Under the plead-

[Fletcher v. T. C. I. & R. R. Co.]

ings in this case, this evidence was admissible to show notice or knowledge of the defendant of the defect by piling the iron on the accumulator, and so to show negligence in their failure to warn plaintiff of the latent danger.—*Boland's Case,* 96 Ala. 632; *Bivin's Case,* 96 Ala. 325; *Chambless' Case,* 97 Ala. 178; *Binion's Case,* 107 Ala. 645; *L. & N. v. Colton,* 86 Ala. 129.    Witness should have been allowed to express his opinion as to whether or not the place near the accumulator is dangerous.—*Culver's Case,* 108 Ala. 330; *Schlaff v. L. & N.,* 100 Ala. 377; *A. M. R. R. Co.v Jones,* 114 Ala. 519.    If the plaintiff made out a prima facie case, he should have had it submitted to the jury.—*L. & N. v. Lancaster,* 121 Ala. 471; *Abbott v. Mobile,* 119 Ala. 595; *Carter v. Fulgham,* 134 Ala. 242; *McWhorter v. Bluthenthal,* 136 Ala. 568.

PERCY, BENNERS & BURR, for appellee.—The mere fact of the servant having been injured owing to the existence of abnormal, unsafe conditions is not of itself sufficient to overcome the presumption entertained by law that the master has exercised proper care.—2 Lebatt sec. 833, note 1; *Chamberlain v. Southern Ry Co.,* 48 South. 703.    This being true, under the evidence in this case, a verdict was properly directed for the defendant.

ANDERSON, J.—The evidence fails to show, or create a reasonable inference for the jury, that the plaintiff was injured by the falling of a piece of iron from the top of the accumulator, and the fact that he was so injured is a mere matter of conjecture or speculation.    It is true that some of the excluded evidence, when taken with that of the plaintiff as to the condition of the iron on top of the accumulator at the time of the injury,

might create an inference that he was struck by a piece of falling iron; but this evidence was not in when the trial court gave the general charge for the defendant.

Nor can the trial court be put in error for excluding the evidence of the plaintiff's first two witnesses, or so much thereof as was excluded, as it was not competent when given; there being no proof that the iron was not piled straight, or was sticking out, the morning in question, or that conditions were the same then as when the iron fell off on previous occasions, and no statement by counsel that it would be made relevant by competent evidence. In order to put the trial court in error, this evidence should have been offered after the plaintiff testified.

Finding no reversible error in the record, the judgment of the circuit court must be affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.

