# Sloss-Sheffield Steel & Iron Co. v. Bibb.

## Injury to Licensee.

(Decided Jan. 13, 1910.   51 South. 345.)

1. *Master and Servant; Servant of Independent Contractor; Relation.*—A servant of an independent contractor working for his employer in the mine of another is not a servant of the mine owner.

2. *Same; Failure to Select Competent Servants; Assumption of Risk.*—At common law, a servant did not assume the risk of the master's failure to exercise due care in the selection of his servant, but could assume that the master had discharged his duty although the servant assumed the risk of the negligence of his fellow servant.

3. *Same; Duty to Third Person.*—It is negligence for the master not to employ servants having proper qualifications where skill and capacity is required to accomplish an undertaking, and his failure to so do will render him liable for injury to a third person occasioned thereby.

4. *Same; Personal Injuries From Working.*—Where a servant of an independent contractor was engaged in the duties of his employment in a mine in which his employer was working for the owner, and the owner retained control over the operation of the hoisting apparatus and the servant was on the premises and in the very position he occupied when injured, under an implied invitation from the owner, and for a purpose connected with the business which the owner was not only engaged in, but which he permitted to be carried on there, there was mutuality of interest between the servant of the independent contractor and the owner of the mine, and while there was no privity between them and no contractual duty from the owner to the servant of the contractor, the law implied and imposed upon the owner the duty to the servant of the independent contractor to exercise due care to employ a reasonably qual-

[Sloss-Sheffield Steel & Iron Co. v. Bibb.]

ified person to handle the hoisting apparatus which injured the servant.

5. *Same.*—Where the servants who operated the hoisting apparatus that injured plaintiff had already been employed prior to and at the time plaintiff entered upon the work the mine owner owed plaintiff no duty to exercise care in the selection and employment of such servant.

6. *Same; Injury to Licensee; Complaint.*—Where the action is by a licensee for injuries received while on the premises due to the negligence and incompetence of the servant of the master, the count should allege the duty of the owner to discharge the servant known to it to be incompetent or to use requisite prudence to see that such servant committed no acts of negligence which would proximately result in injury to such third person.

7. *Same.*—Where the action was by a licensee for injuries received because of the negligence of a servant of the owner, the mere allegation that the car upon which plaintiff was when injured, was permitted to descend into the mine at a high rate of speed greater than was necessary or proper, and that by reason of such dangerous and excessive speed plaintiff was caused to fall or be thrown therefrom, was not a sufficient allegation of negligence without the further averment that such cars were negligently caused or allowed to descend, etc

8. *Same; Employer's Liability Act; Complaint.*—In an action based on subdivision 1, section 3190, Code 1907, the complaint should show that the defect arose from or had not been discovered or remedied owing to the negligence of the master, or some person in his service intrusted with the duty of seeing that the same were in proper condition, and failing to do so was demurrable.

9. *Same; Injury to Licensee; Complaint.*—A count averring that plaintiff was employed in the mines as a shift runner under the direction and employment of a contractor, is not sufficient to show any right even in the contractor to be in the mine or to place his employes therein, as such averment fails to show any relationship, contractual or otherwise between the contractor and the mine owner.

10. *Same.*—An averment in a complaint that plaintiff while in the discharge of his duties as an employe of the contractor, which required him to be on one of the cars in the mine, was descending into the mine on cars operated by an employe of the mine owner in charge of the hoisting apparatus is not sufficient to show that the plaintiff was there by the owner's invitation; it shows only that he was on the car in the discharge of his duty owing to the contractor.

11. *Negligence; Actionable.*—No liability for negligence arises unless the negligent party owes some duty to the person seeking to hold him liable for the negligence.

12. *Evidence; Admissions; Declarations by Servant.*—Declarations of servants of the defendant made after the accident had occurred, not part of the res gestae, but mere narratives of the past transaction, are not binding on the master, and not admissible.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Allen Bibb against the Sloss-Sheffield Steel & Iron Company for injuries received while working in defendant's mine as a servant of an independent contractor. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —The court erred in overruling defendant's demurrer to the 1st count of the complaint.—*Lookout Mt. I. Co. v. Lea,* 144 Ala. 169; *Laughran v. Brewer,* 113 Ala. 509; Labatt on M. & S., secs. 177-8; *L. & N. v. Webb,* 97 Ala. 303; *Perdue v. L. & N.,* 100 Ala. 535; *L. & N. v. Wood,* 105 Ala. 561; *Carter v. Chambers,* 79 Ala. 223. The facts averred do not disclose negligence, and it was, therefore, essential that the count aver that the acts were negligently done.—*Johnson v. Bir. R. L. & P. Co.,* 43 South. 33; *Bir. R. L. & P. Co. v. Parker,* 47 South. 138. The court erred in overruling demurrers to the 5th count of the complaint.—*L. & N. v. Davis,* 91 Ala. 489; *Seaboard M. Co. v. Woodson,* 94 Ala. 143; *Bir. R. Mills v. Rockhold,* 143 Ala. 115. The allegations in said counts are not sufficient to show that the plaintiff was there by right of invitation.—*M. & E. R. R. Co. v. Thompson,* 77 Ala. 449. The count is open to the further criticism that no specific act of negligence is charged. —Authorities supra. The declarations of defendant's servants made after the act happened were not admissible.—*A. G. S. v. Hawk,* 72 Ala. 117; *W. U. T. Co. v. Way,* 83 Ala 542. The defendant owed plaintiff no duty to employ one qualified as a hoisting engineer generally.—*Holland v. T. C. I. Co.,* 91 Ala. 444. Counsel discuss other assignments of error, relative to the evidence, but without further citation of authority. The court should have given the affirmative charge as to the 1st count.—*Conrad v. Gray,* 109 Ala. 135. The court

erred in refusing charge 2.—*L. & N. v. Davis*, 91 Ala. 487; *Seaboard M. Co. v. Woodson, supra.*

ALLEN & FORT, and J. &. HANBY, for appellee.—No brief came to the Reporter.

EVANS, J.—The plaintiff prosecutes this action to recover of the defendant damages consequent upon personal injuries alleged to have been sustained by him through the negligence of the defendant. There was only one count in the complaint when it was filed, but five others were subsequently added by amendment. The cause was tried, however, upon counts 1, 5, and 6; counts 2, 3, and 4 being withdrawn by the plaintiff.

The plaintiff's case may be understood from the first count, so we transcribe it: "The plaintiff claims of the defendant, the Sloss-Sheffield Steel & Iron Company, a corporation, the sum of $5,000 as damages for that heretofore, to wit, on or about the 10th day of June, 1907, the aforesaid Sloss-Sheffield Steel & Iron Company were engaged in and about the business of operating a certain ore mine on Red Mountain, near Bessemer, Jefferson county, Ala., known as Slope. No. 2, with a mine track, and cars thereon, said cars being operated on said track by means of a hoisting drum and cable. The plaintiff says that on or about said date he was employed in said mine as a shift runner under the direction and employment of one George Davis as contractor in the above-mentioned mine of the Sloss-Sheffield Steel & Iron Company, and the plaintiff, while engaged in and about his said duties as shift runner, was upon the premises of the said Sloss-Sheffield Steel & Iron Company by permission and invitation of said company. And the plaintiff says that on or about said date, while engaged in the discharge of his duties which

5—164

required him to be on one of said cars in said mine, he was descending into said mine on a trip of cars, said cars being operated and lowered into said mine by an employe of the defendant in charge of said hoisting drum and cable named Ellard Nunnally, and the plaintiff says that it was the duty of the defendant to employ a skillful and competent engineer or hoister to handle said hoisting drum and cable. And the plaintiff says that the said Ellard Nunnally was unskillful and incompetent in the handling of said hoisting drum and cable, that the defendant employed said Ellard Nunnally with knowledge of his lack of skill and incompetency for said employment, and that such lack of skill and incompetency were not known to plaintiff. And the plaintiff says that while descending into the said mine on said trip of cars, said cars were caused or allowed to descend and go into said mine at a rapid rate of speed greater than was necessary or proper in the operation of said cars, and, by reason of the excessive and dangerous rate of speed at which said cars descended into said mine, the plaintiff was caused to fall or be thrown from said trip of cars, whereby the plaintiff was knocked unconscious, was bruised and broken and wounded in his breast and shoulder and hip and about his head, suffering from said injuries great mental and physical pain, being laid up from his usual occupations for a long time, and being caused to expend large amounts of money in and about his efforts to cure his said wounds and injuries so received. And the plaintiff says that by reason of said injuries he has been permanently injured and rendered less able to perform his usual avocations. And the plaintiff says that he received his said injuries as a proximate consequence of the negligence of the defendant in employing the said Ellard Nunnally in the capacity mentioned

by reason of the fact that said Ellard Nunnally was unskilled and incompetent in handling the hoisting drum and engine as aforesaid. All this to plaintiff's damage."

Confessedly the plaintiff was not at the time of the injury complained of in this count a servant of the defendant (*Lookout Mountain Iron Co. v. Lea,* 144 Ala. 169, 39 South. 1017); and in this view the point is made against the count that it fails to state a substantial cause of action, because, it is said, defendant owed plaintiff no duty in respect to the exercise of due care and diligence in the selection of its servants. In other words, that even though the servant to whom the negligent act is ascribed was unskillful, with damnifying consequences to the plaintiff, yet this furnished no cause of action to plaintiff upon the theory of a duty owing to plaintiff by the defendant to observe due care in the selection of its servants, and a breach of that duty. It has come to be a truism that "the question of liability for negligence cannot arise at all until it is established that the party who has been negligent owed some duty to the person who seeks to make him liable for his negligence." Per Lord Esher in *Le Sierre v. Gould,* 1 I. B. 493; *Sweeny v. Old Colony, etc., Co.,* 10 Allen (Mass.) 368, 87 Am. Dec. 644; *Kahl v. Love,* 37 N. J. Law, 5; *Newark, etc., Co. v. Garden,* 78 Fed. 74, 23 C. C. A. 649, 37 L. R. A. 725; *Southern Railway Co. v. Williams,* 143 Ala. 212, 38 South. 1013; *B. R. L. & P. Co. v. Jones,* 153 Ala. 157, 45 South. 177; 1 Dresser's Employer's Liability, § 83, p. 363. Labatt, speaking of the duty of the master to his employes in respect to the employment of servants, says: "The master impliedly contracts that he will use due care in engaging the services of those who are reasonably fit and competent for the performance of their respective duties in

the common service."—Labatt, Master & Servant, §§ 177, 178. Under the common-law rule, a servant assumed the risk of negligence on the part of a fellow servant, but not the risk of the failure of the master to exercise due care in the selection of his servants; and in the latter respect the servant could assume that the master had discharged his duty.

In 26 Cyc. (1518), in respect to the master's liability for injuries to third persons, the rule is stated thus: "The master may be liable for the acts of his servant on either of the following grounds: (1) Negligence of the master in selecting his servants or instructing them as to the duties of their positions. * * * (4) The fact that the act of the servant was within the scope of his employment." In *Missouri, etc., R. R. Co. v. Freeman,* (Tex. Civ. App.) 73 S. W. 542, the Texas court held that "the master is liable to a third person for injuries received in the employment of an incompetent and negligent servant without inquiry." In *Holladay v. Kennard,* 12 Wall. 254, 20 L. Ed. 390, the same principle is enunciated, where it is held by the Supreme Court of the United States that, where skill and capacity are required to accomplish an undertaking, it is negligence on the part of the master not to employ persons having such qualifications, and that such negligence will render him liable for injuries to third persons occasioned thereby. To the same effect are the holdings of our court. See *Alabama, etc., Co. v. Waller,* 48 Ala. 459; *M. & O., etc., Co. v. Thomas,* 42 Ala. 715.

In the instant case the plaintiff was on the premises of the defendant, and in the very position he occupied at the time he received his injuries, under an implied invitation from the defendant, and for a purpose connected with the business in which the defendant was not only engaged, but which it permitted to be there

carried on; and therefore there was mutuality of interest between the plaintiff and the defendant in the subject to which plaintiff's business related. Moreover, the count sub judice shows that the defendant itself, although carrying on the actual mining of the ore through a contractor, retained possession of the appliances and means for carrying the miners (amongst them those miners employed by the contractor) into and out of the mine, and the appliances and means were operated by the servants of the defendant. In this state of the case it seems clear, both on reason and authority, that whilst there was no privity of contract between plaintiff and defendant, and therefore no contractual duty owing from the defendant to the plaintiff in the premises, still the law imposed upon the defendant certain duties towards the plaintiff, for a breach of which, with damnifying consequences to plaintiff, the defendant cannot as a shield and defense hide behind a contract between it and another person.—1 Sherman & Redf. on Neg. § 116; 1 Dresser's Employer's Liability, § 83, pp. 363-370; *Campbell v. Lunsford,* 83 Ala. 512, 3 South. 522. Obviously one of the legally imposed duties was that of using due care to employ a reasonably skillful and competent engineer or hoister to handle the "hoisting drum and cable."—*Walker v. Bolling,* 22 Ala. 294; *Lookout Mountain, etc., Co. v. Lea,* 144 Ala. 169, 39 South. 1017. But construing the count under consideration most strongly against the plaintiff, the engineer (Nunnally) complained of was employed and in the service of the defendant prior to, and at the time the plaintiff entered upon the premises under contract with the contractor, and manifestly, in this state of the case, the duty of exercising the care in the selection and employment did not exist, so far as plaintiff was concerned. But if, after plaintiff entered

upon the premises in the service of the contractor, the engineer was to the knowledge of defendant unskillful and incompetent, the law imposed upon the defendant the duty toward the plaintiff and toward those on its premises under similar circumstances either to discharge the incompetent servant or to use the requisite prudence to see that he committed no act of negligence in handling the "hoisting drum and cable," which would proximately result in plaintiff's injury; but neither of those duties is averred in count 1. For the reasons adverted to, the court holds the demurrer to count 1 on the point under discussion well taken, and that the trial court committed reversible error in overruling it.

The court cannot as a matter of law say that the facts averred in respect to the descent of the cars into the mine constitute negligence. Therefore count 1 is also defective in not coupling with the facts averred the averment that the "said cars were" negligently "caused or allowed," etc.—*Johnson v. B. R. L. & P. Co.,* 149 Ala. 529, 43 South. 33; *B. R. L. & P. Co. v. Parker,* 156 Ala. 251, 47 South. 138; *Perdue v. L. & N. R. R. Co.,* 100 Ala. 535, 14 South. 366; *L. & N. R. R. Co. v. Woods,* 105 Ala. 561, 17 South. 41; *Carter v. Chambers,* 79 Ala. 223.

Counts based upon subdivision 1 of the employer's liability statute (section 1749, Code 1896) are defective, which do not show by averment that the defect complained of "arose from or had not been discovered or remedied owing to the negligence of the master, or some person in his service, and intrusted by the master with the duty of seeing that the ways, works, machinery, or plant were in proper condition." This defect, in count 5 was properly pointed out by demurrer, and the court erred in overruling the demurrer.—*Sea-*

*board Mfg. Co. v. Woodson,* 94 Ala. 143, 10 South. 87;
*M. & P. R. R. Co. v. George,* 94 Ala. 199, 216, 10 South.
145. Again, count 5 shows affirmatively that the plain-
tiff was not an employe of the defendant—that no con-
tractual relations existed between him and the defend-
ant—and the averments of the count are scarcely suf-
ficiently specific to show that plaintiff was in the mine
by invitation of the defendant. The averments that he
was "employed in the mine as a shift runner under the
direction and employment of George Davis, an ore con-
tractor," without more, fail to show any right, even in
George Davis to be in the mine or to place his employes
in the mine, there being in the count no averment to
show any relationship, contractual or otherwise, be-
tween Davis and the defendant. And the averments
in the count in respect to plaintiff's being on the car at
the time he was injured fall short of showing that he
was there by invitation of defendant, they only show
that he was on the car in the discharge of duty which
he owed to Davis. In short, the count in these respects
simply shows that Davis, who is not shown by the aver-
ment to have any right to work in the mine, or to employ
others to work there for h m, employed plaintiff and di-
rected him to go into the mine and to be on one of the
cars, without showing any contractual relation for that
purpose, either between Davis and defendant or between
plaintiff and defendant. Upon these considerations, the
court holds that the trial court also erred in overruling
the fifth, sixth, and seventh grounds of demurrer to
count 5. This latter criticism of count 5, as well as the
discussion and criticism of count 1, is applicable to
count 6, and serves to show that the trial court erred in
overruling the demurrer to that count.

As the counts upon which the trial was had are sev-
erally held subject to the demurrer made to them, and

upon remandment of the cause they will probably be materially changed by amendment, no good purpose would be subserved by discussion of other assignments of error further than to say that the court erred in allowing the declarations of Nunnally, made after the accident occurred, to remain as evidence against the defendant. His declarations were not of the res gestæ, but were merely in the nature of a narrative of a past transaction, not binding upon his principal.—*Hawk's Case,* 72 Ala. 117, 47 Am. Rep. 403; *Rickett's Case,* 85 Ala. 600, 5 South. 353. Perhaps the general reputation of Nunnally was competent testimony.—*Schlaff's Case,* 100 Ala. 377, 14 South. 105; Labatt on Master & Servant, § 202; notes to *Smith v. St. L. & S. F., etc., Co.,* 48 L. R. A. 389.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.

The foregoing opinion was prepared by Justice DENSON before his retirement as associate justice, and, having been adopted in consultation, is now announced as the opinion of the court.