(80 South. 90)

STOWERS v. DWIGHT MFG. CO.
(7 Div. 954.)

(Supreme Court of Alabama.   June 20, 1918. Rehearing Denied Nov. 14, 1918.)

1. TRIAL ⏤171 — DIRECTION OF VERDICT — POWER OF COURT.

The trial court has the power of determining whether the evidence tends to support the allegations of a party, but such right should be cautiously exercised.

2. TRIAL ⏤169—DIRECTION OF VERDICT.

In absence of all evidence against defendant, the court should direct verdict in his favor.

3. TRIAL ⏤169 — DIRECTION OF VERDICT — DISCRETION OF COURT.

It is always error, and not within court's discretion, to leave a question to the jury in respect of which there is no evidence.

4. NEGLIGENCE ⏤119(7)—BURDEN OF PROOF.

Plaintiff, in action for negligence, cannot recover unless he proves the negligence as alleged.

5. NEGLIGENCE ⏤82—CONTRIBUTORY NEGLIGENCE.

Plaintiff, in action for negligence, cannot recover, if it is proved that his own negligence proximately contributed to that of the defendant to produce the injury received.

6. NEGLIGENCE ⏤117—PLEADING—CONTRIBUTORY NEGLIGENCE.

Contributory negligence must be specially pleaded.

7. NEGLIGENCE ⏤2 — "ACTIONABLE NEGLIGENCE."

All negligence is not actionable, but only such as constitutes a breach of a duty, which the defendant owed the plaintiff as an individual, or one of a class.

8. NEGLIGENCE ⏤119(1) — PLEADING AND PROOF.

Though negligence may be alleged in very general terms, particular acts of negligence, where specifically alleged, must be proven.

**9. NEGLIGENCE ⬦136(9)—JURY QUESTION.**

Where evidence is equally consistent with either existence or nonexistence of negligence, it is not competent for judge to leave the matter to the jury.

**10. NEGLIGENCE ⬦121(5)—BURDEN OF PROOF —PROXIMATE CAUSE.**

In action for negligence, plaintiff has burden of showing the causal connection between negligence and injury.

**11. NEGLIGENCE ⬦58 — PROXIMATE CAUSE — NATURAL CONSEQUENCES.**

Negligence does not entail a liability for every possible consequence that may ensue from the facts of its existence, but only from its natural and probable consequences.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Henry E. Stowers against the Dwight Manufacturing Company for damages for injury while engaged in its employment. Judgment for defendant, and plaintiff appeals. Affirmed.

Before introducing evidence, by agreement of the parties, the court, the jury, the attorneys, and the sheriff went to where the plant was located, and there viewed the machinery upon which plaintiff was working when he was injured. The machinery was manipulated by being started and stopped and regularly operated. The complaint charged negligence of one Harrison Collett, who had superintendence over plaintiff, and the machine which injured plaintiff at the time plaintiff was injured, and that said Collett negligently caused the plaintiff to attempt to clean the rollers on such slasher while the same was in motion, and as a proximate consequence plaintiff's hand was drawn in between the rollers and crushed. The second count charges that plaintiff is bound to conform to the order of said Collett, and that conforming to a negligent order to clean off one of the rollers in said slasher while it was in operation, knowing that it was dangerous for plaintiff to clean said roller while it was in operation, and that plaintiff would likely be injured in so doing, negligently ordered plaintiff to do so, and in obeying said order plaintiff's hand was caught and crushed.

The evidence tended to show that a piece of waste fell upon one of the slashers, and that Collett stopped the machine, took off a spool, cleaned the grease from the roller, started the machine, and told plaintiff to watch it, and not let there be too much waste, and that Collett then turned to another machine to the right of the one at which plaintiff was working; that plaintiff observed some grease on the roller, and, while the machinery was in operation, picked up a piece of clean waste, and held it against the roller in an effort to clean off the grease, when some threads caught his hand and pulled it in between the rollers, crushing it. It also appeared from the evidence that the danger of trying to clean the rollers while they were in operation was open and obvious. It further appears from the evidence that plaintiff had been working in the mill about a month and a half, but just how long he had been working at this particular machine does not appear. There is some evidence tending to show that he was a helper of Collett, and that Collett was under Adams, and that Adams was under Prince, who was chairman of the room. It was further in evidence that plaintiff knew it was dangerous to attempt to clean the rollers while they were in motion.

E. O. McCord, of Gadsden, for appellant.

Dortch, Martin & Allen, of Gadsden, for appellee.

MAYFIELD, J. The action is brought under the second and third subdivisions of the Employers' Liability Act (section 3910 of the Code), to recover damages of the master for personal injuries to the servant. The trial was had on the general issue and the contributory negligence of the plaintiff, and the court gave the affirmative charge for the defendant. Plaintiff appeals.

The whole of the evidence is set out in the transcript and in the brief of counsel for appellant.

[1-3] We are of the opinion that the trial court ruled correctly. Under our system of laws and the practice prevailing in our court for nearly 100 years, the power is vested in the court to determine whether the evidence offered tends to support the allegations of the party. The right should be cautiously exercised, but in some cases it is the duty of the court to direct a verdict when thereunto requested in writing, and a failure to do so will be error, for it is not only the right, but the duty, of the court. When the plaintiff has introduced his evidence, and it does not tend to prove his cause of action, the court may refuse to hear evidence offered by the defendant, and, if properly requested, direct the jury to find against the plaintiff; but it is only in the absence of all evidence against the defendant that the court should direct a verdict in his favor, and it is always error, and not within the discretion of the court, to leave a question to the jury in respect of which there is no evidence. If there is none to support the theory of fact assumed, the court should not let the case go to the jury; likewise, when the facts in the case are undisputed, and the evidence, with all the inferences which the jury can rightfully draw from it, does not as a matter of law have any tendency to establish the proposition which is essential to the maintenance of the action, it is the duty of

the judge, if properly requested, to instruct the jury; but, if there be any evidence which tends to establish the plaintiff's cause, it is error for the court to withdraw the case from the jury or to direct a verdict. Tobler v. Pioneer Mining Co., 166 Ala. 517, 52 South. 86.

[4-6] It is axiomatic to say that the plaintiff ought not to recover in a negligence case, unless he proves the negligence alleged; and he cannot recover even then, if he himself or the defendant prove that his (plaintiff's) own negligence proximately contributed to that of the defendant to produce the injury received, provided, however, this contributory negligence is specially pleaded.

[7, 8] It is also well-settled law in this state that all negligence is not actionable. To be actionable, it must be the breach of a duty which the defendant owed the plaintiff as an individual or one of a class. Unless there is the breach of a duty owing, there is no actionable negligence, though there be negligence. If particular acts of negligence are alleged, those particular acts must be proven, though our system of pleading permits negligence to be alleged in very general terms. If, however, the negligence be alleged specifically, it must be so proven.

[9, 10] Where the evidence is equally consistent with either view, the existence or nonexistence of negligence, it is not competent for the judge to leave the matter to the jury. The party who affirms negligence has failed to establish it. This is a rule which ought never to be lost sight of. 1 Bailey's Personal Injuries, p. 560, § 1660. The burden is on the plaintiff to show, by the evidence, the causal connection between the negligence and the injury. A mere conjecture cannot be submitted to the jury, without evidence. 1 Bailey's Per. Inj. pp. 563–568, §§ 1672–1675, 1682, 1688, 1694; Scales v. C. I. & C. Co., 173 Ala. 644, 55 South. 821.

At common law, when a right is conferred, and a corresponding duty imposed, upon a person, he is answerable to another person who sustains damage by the negligent discharge of such duty. Negligence is nothing more than a failure to discharge the duty resting upon one under the circumstances of the case. Mann v. Central Vt. R. Co., 55 Vt. 484, 45 Am. Rep. 628; Young v. Detroit, G. H. & M. Ry. Co., 56 Mich. 435, 23 N. W. 67.

[11] Negligence, in legal contemplation, does not entail a liability for every possible consequence that may ensue from the fact of its existence, but only from its natural and probable consequences. On this subject Mr. Addison, in his work on Torts (volume 1, p. 40), thus formulates the rule:

"If the wrong and legal damages are not known by common experience to be usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, and the wrong and the damage are not sufficiently conjoined or concatenated, as cause and effect, to sustain the action."

Similarly Baron Pollock states the rule in these words:

"A person is expected to anticipate and guard against all reasonable consequences, but he is not, by the law of England, expected to anticipate against that which no reasonable man would expect to occur."

The legal principle is thus stated by Mr. Justice Dixon, in Wiley v. West Jersey R. Co., 44 N. J. Law, 251:

"The rule of law requires that the damages chargeable to a wrongdoer must be shown to be the natural and proximate effects of his delinquency. The term 'natural' imports that they are such as might reasonably have been foreseen such as occur in an ordinary state of things. The term 'proximate' indicates that there must be no other culpable and efficient agency intervening between the defendant's dereliction and the loss." Board of Chosen Freeholders of Morris County v. Hough, 55 N. J. Law, 649, 651, 28 Atl. 86.

"In every case involving negligence there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of defendant to perform that duty; and (3) injury to plaintiff from such failure of defendant. When these elements are brought together, they unitedly constitute actionable negligence." 25 Cyc. 419.

The principle announced above has been applied by this court in Birmingham R. Light & Power Co. v. Jones, 153 Ala. 157, 45 South. 177, following the decision in Southern R. Co. v. Williams, 143 Ala. 212, 38 South. 1013, we said:

"Actionable negligence being a failure to discharge a legal duty to the person injured, if there is no duty there is no negligence. And even if the defendant owed the duty to keep a lookout for persons rightfully on the track, but owed none to the plaintiff because she was a trespasser, no action will lie, for the duty must be to the person injured." Sou. Ry. Co. v. Drake, 166 Ala. 544, 545, 51 South. 997.

Applying these principles to the case in hand, we feel sure that the trial court ruled correctly. If, however, we should be in error as to this, the evidence without dispute showed that plaintiff was guilty of negligence without which the injury would not have happened, and which therefore proximately caused his damages.

It results that the judgment appealed from must be affirmed

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.