187 So. 711

### ALABAMA POWER CO. v. GLADDEN.

### 7 Div. 553.

Supreme Court of Alabama.

March 30, 1939.

C. A. Wolfes, of Fort Payne, and Martin, Turner & McWhorter and J. C. Blakey, all of Birmingham, for appellant.

Isbell & Beck and Scott & Dawson, all of Fort Payne, for appellee.

THOMAS, Justice.

The suit was for personal injuries alleged as the proximate result of defendant's negligence as charged in the complaint.

■ The count was challenged by demurrer which was overruled. It has been decided that a complaint for personal injuries, alleged to have been negligently inflicted, is insufficient and demurrable when it fails to sufficiently, or as far as necessary to aver the place or location of the injury (Blakeney v. Alabama Power Co., 222 Ala. 394, 133 So. 16; Alabama Utilities Co. v. Champion, 230 Ala. 263, 160 So. 346) and facts showing a duty owing by defendant to the injured party at such time and place. Alabama Utilities Co. v. Champion, supra; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Tennessee C., I. & R. Co. v. Smith, 171 Ala. 251, 55 So. 170; Sloss-Sheffield Steel & Iron Co. v. Bibb, 164 Ala. 62, 51 So. 345; 45 Corpus Juris, p. 939, § 16.

■ We think, and hold, that count one is sufficiently definite as the locus in quo, the fact of and manner of the injury, as to charge the duty and requirement, and failure thereof to the defendant.

■ The appellant duly excepted to the action of the trial court in sustaining of objections to the following questions to Mr. Weaver, on cross examination:

"Q. Under what arrangement did you furnish Telephone service on that line?
* * *
"Q. Mr. Weaver, what arrangement, if any does the company of which you are manager, which owns the telephone system in the town of Collinsville, have with reference to the operation of this telephone line which you say is owned by the farmers?" '

The wire with which appellee is alleged to have come in contact constituted a part of the telephone line referred to in these questions propounded to appellee's witness Weaver, who had testified on his direct examination that the condition of the telephone wires was all right, and that the insulation on the electric wire going to Keener's house was bad. Appellee himself had testified on his direct examination that he thought this witness Weaver owned the telephone wire with which he (appellee) came in contact. Weaver had denied on his prior cross examination that the telephone company of which he was manager owned the telephone line in question, and had stated that the telephone line in question belonged to the farmers of Black Creek. He did admit, however, that such line was connected to his (Weaver's) telephone system. Thereupon, in an endeavor to show just exactly the connection or relationship between the telephone company of which Mr. Weaver was manager and the telephone line which Weaver claimed was owned by the farmers of Black Creek, appellant sought to cross examine and question appellee's witness Weaver as to the arrangement which Weaver's telephone company had concerning the operation of the telephone line which Weaver had testified was owned by the farmers. This line of testimony was clearly competent in order to show the witness' bias or interest in the matter. All his testimony had been to the effect that the telephone line was in good condition and he had sought by his testimony to exonerate the owner of the telephone line from any blame in the matter, placing the blame, if any, upon appellant. Under such circumstances it was material to show the witness' interest in or connection with such telephone line. It is, of course, always permissible to cross examine a witness to ascertain his interest, bias, prejudice or partiality concerning the matters about which he is testifying. Sullivan v. Miller, 224 Ala. 395, 140 So. 606; Granade v. U. S. Lumber & Cotton Co., 224 Ala. 185, 139 So. 409.

■ The trial court sustained appellee's objection to these questions and refused to permit a cross examination of the witness to ascertain his interest in such telephone line. This action of the trial court was reversible error.

■ The sixth assignment of error is predicated upon the action of the trial court in overruling defendant's motion to exclude the testimony of Weaver, to the

530

effect that some three weeks prior to the time of the accident the power line was in contact with and transmitting electricity to the Collinsville telephone system.

Mr. Weaver had testified on direct examination that some three weeks prior to the time appellee was injured an electric wire got down on the telephone line somewhere outside of Collinsville and that he had a conversation at that time with appellant's manager at Collinsville, in which he requested him to move such wire. On cross examination the witness admitted that such conversation was had some three weeks prior to the time of the accident made the basis of this suit; that at that time he told Mr. Dobbs that somewhere the power line was on his telephone line and that "juice or electricity" was coming in to the switchboard on the telephone system at Collinsville. He also admitted on cross examination that the night following the day of such conversation the condition was corrected and during the intervening three weeks between that time and the time of the accident, made the basis of this suit, he did not have that condition there. Appellant immediately moved to exclude all the testimony of this witness about the power line being in contact with or having any connection with the telephone line some three weeks prior to the accident, on the ground that the witness' own testimony showed that if there were any such condition it was corrected that night and could not have had anything to do with the accident made the basis of this suit. The trial court overruled appellant's motion and to this ruling appellant reserved an exception. In this action of the trial court there was error, as it was evidence of a collateral fact, and was prejudicial to the determination of this issue. Mayor and Aldermen of Birmingham v. Starr, 112 Ala. 98, 20 So. 424; Davis v. Alexander City, 137 Ala. 206, 33 So. 863; Southern Ry. Company v. Lefan, 195 Ala. 295, 70 So. 249; Fletcher v. Tennessee Coal, Iron & R. Co., 163 Ala. 240, 50 So. 996; Owen v. Alabama G. S. R. Co., 181 Ala. 552, 61 So. 924.

The case should be retried. The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.