59 So.2d 670

### COLLIER et al. v. WOODY.

### 8 Div. 575.

Supreme Court of Alabama.

June 19, 1952.

Taylor, Bell & Taylor, Carl A. Morring, Jr., and Patrick W. Richardson, all of Huntsville, for appellants.

Wm. H. Johnston, Huntsville, for appellee.

LIVINGSTON, Chief Justice.

C. A. Woody brought suit against Chris Collier and Mary Joe Collier, his wife, in the Circuit Court of Madison County. The suit was to recover for goods sold and delivered during the year 1949. The complainant, in several counts, claimed the sum of $1,202.95 due by open account, stated account, and promissory note.

The defendants interposed plea of the general issue in short by consent, with leave, etc.; and a special plea of recoupment.

The cause was tried by the court below without the aid of a jury and resulted in a judgment for the plaintiff for the sum of $1,140.31, and defendants appealed.

Appellee Woody operated a grocery store or mercantile business and appellants ran an account with him during the year 1949 in order to carry on their farming operations. There is little or no dispute as to the correctness of the amount found by the court to be due appellee. In fact, Chris Collier concedes that there is no error as to the judgment against him. The only contention on the part of appellant Mary Joe Collier is that the evidence clearly shows that the debt is the debt of her husband and that she became surety for its payment in violation of Title 34, Section 74 of the Code of 1940.

 The question presented and argued is solely one of fact. The evidence on the issue of suretyship is conflicting in its tendencies. Only two well known principles are involved. The one, a wife cannot become surety for her husband's debts; the other, a judgment or finding of the trial court has the force and effect of a verdict of a jury, and will not be here disturbed unless palpably wrong. The only duty imposed upon us by the record is to review the evidence. This duty we have performed and are unwilling to say that the findings of the court below are palpably erroneous.

Affirmed.

BROWN, FOSTER and SIMPSON, JJ., concur.