134 So.2d 780

**John S. SHUMOCK**

v.

**W. H. BOOKER, Jr.**

**1 Div. 881.**

Court of Appeals of Alabama.

Nov. 14, 1961.

452

Windell C. Owens, Monroeville, for appellant.

John M. Coxwell, Monroeville, for appellee.

PRICE, Judge.

John S. Shumock (appellant) brought this action against W. H. Booker, Jr., (appellee) for damages growing out of a collision between plaintiff's automobile and defendant's tractor.

The complaint, in one count, claiming $700, charged that plaintiff's damages were the proximate consequence of the negligence of defendant's agent, servant or employee, while acting in the line and scope of his employment. The defendant filed the following plea:

"Now comes the defendant and for answer to the complaint in the cause heretofore filed, pleads, in short by consent, as follows:

"1. Not guilty.

2. Contributory negligence.

3. Setoff in the amount of $700.00.

4. Counterclaim in the amount of $700.00."

The plea was unobjected to and issue was joined thereon.

The cause was tried by the court sitting without a jury. The record contains the following judgment:

"This January 23, 1961, came the parties in their own proper person, and by their attorneys, and issue being joined, it is the opinion of the Court that judgment for defendant, W. H. Booker, Jr., on Plaintiffs Complaint, and judgment for Plaintiff, John S. Shumock, on Defendants Plea of recoupment.

"It is therefore, Considered and Adjudged by the Court that W. H. Booker, Jr., defendant, have judgment against the plaintiff, John S. Shumock, on plaintiffs Complaint, and John S. Shumock, Plaintiff, have judgment against the defendant W. H. Booker, Jr., on his plea of recoupment.

"It is further ordered that each party be taxed with one-half the cost for which let execution issue."

The plaintiff filed a motion for a new trial which was duly overruled by the court.

The evidence shows that plaintiff's wife was driving the automobile. She testified she was an employee of Chemstrand, located near Pensacola, Florida; that she had worked the night shift before the accident occurred the next morning between nine and ten o'clock near Goodway, in Monroe County, Alabama. Mrs. Shumock was traveling a public road leading from her home to the highway; that she had been traveling this road all her life. The road was narrow and had only one set of car ruts. Both sides of the road were grown up in bushes. She was aware of the little side road that was used to run tractors into the pasture. She had traveled from her home about 250 yards away and was not driving faster than 35 miles per hour when she hit the tractor. The tractor came out from behind the bushes and was within twenty or twenty-five feet of her when she first saw it. The axle of the defendant's tractor was broken by the impact.

Mr. Melvin Porter, Highway Patrolman, testified he investigated the wreck between the automobile and the tractor. The accident happened on a narrow road or lane 12 or 15 feet wide. Briars and weeds had grown up along the roadside and Mrs. Shumock's view was obstructed as to what might be coming out of the side road. The

automobile was traveling along the road and had the right of way. The patrolman gave no tickets and made no charge against either of the parties involved in the collision.

The plaintiff testified the damage to his automobile as a result of the collision with the tractor was $617.20.

The defendant, W. H. Booker, Jr., testified the tractor belonged to him and it had been used in bush hogging land in his pasture. The operator of the tractor came out of the side road in front of the automobile. His tractor was damaged in the amount claimed.

In Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215, 220, in the concurring opinion of Justice Bouldin, the following appears:

> "If the negligence of defendant was the proximate cause of the injury to plaintiff, no contributory negligence being pleaded and proven, the plaintiff should recover his damages. Likewise, in the cross-action by plea of recoupment, if plaintiff's negligence was the proximate cause of injury to defendant in the same transaction, no contributory negligence appearing on his part, the defendant should recover in recoupment the damages suffered by him. If both are guilty of negligence proximately contributing to their respective injuries, neither can recover."

It is insisted by appellant that the judgment of the trial court is plainly contrary to the weight of the evidence. This argument is made in brief:

> "It is an elementary principle of law that where evidence is introduced by the plaintiff to prove every material element of his complaint and no evidence is offered in defense to the complaint, the plaintiff is entitled to judgment."

■ The rule is that a plaintiff in a negligence case cannot recover unless he proves the negligence alleged; and he cannot recover even then if his proof or that of defendant shows that plaintiff's own negligence proximately contributed to defendant's negligence to produce the injury received, provided, of course, such contributory negligence is specially pleaded. Pollard v. Rogers, 234 Ala. 92, 173 So. 881; Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Britt v. Daniel, 230 Ala. 79, 159 So. 684; Carter v. Ne-Hi Bottling Co., 226 Ala. 324, 146 So. 821.

■ Where the testimony is taken ore tenus, the judgment of the trial court has the effect of a jury verdict and will not be disturbed on appeal unless palpably wrong and contrary to the great weight of the evidence. Collier v. Woody, 257 Ala. 391, 59 So.2d 670.

■ The question of whether negligence of the defendant or contributory negligence of plaintiff was proven was, under all the evidence, for the court, and, indulging all favorable presumptions to sustain the trial court's conclusion, we are not prepared to say that it was palpably erroneous or manifestly unjust.

The judgment of the trial court is affirmed.

Affirmed.