HOLMES, Judge.
The plaintiff claimed $12,000 in damages from defendant for trespass and negligence. After an ore tenus hearing, the trial court found defendant liable for trespass and awarded $500. Plaintiff appeals.
The dispositive issue on appeal is whether the evidence supports the award. We find no error requiring reversal and affirm.
The record reveals the following: Plaintiff and defendant own adjoining properties on Fly Creek in the City of Fairhope. Plaintiff’s property borders on a drainage easement which is located between the two parcels.
Plaintiff constructed a boathouse which encroaches on the easement by approximately four feet. Plaintiff moors his boat there.
Defendant, which owns and operates a marina, constructed a bulkhead along the creek and engaged in earth moving operations. The record indicates that at the time of this construction, defendant trespassed on plaintiff’s land although the activity was not willful or continuing.
*327 When plaintiff’s land and docking facility began to be silted, he brought suit. Plaintiff contended that defendant trespassed on plaintiff’s property and further', that because defendant altered the original elevation of his land, runoff and sand .washed onto plaintiff’s property causing damage. Plaintiff further alleged that defendant negligently constructed his bulkhead in such a manner that plaintiff’s dock became filled with sand damaging both the property and plaintiff’s boat.
After hearing the matter and viewing the property, the learned judge held that defendant had trespassed and awarded damages. The court, however, found that plaintiff negligently constructed his boathouse on the drainage easement so as to prevent the installation of proper drainage facilities by defendant and the City of Fairhope.
Plaintiff initially contends that the award is clearly erroneous inasmuch as his proof shows that defendant’s grading activities caused plaintiff’s land to be covered by some thirty inches of sand. Plaintiff further maintains that the evidence shows defendant caused his dock to become filled with sand which in turn caused plaintiff’s boat to become stuck and eventually sink. Put another way, the plaintiff contends the award of damages is inadequate in view of the above facts.
It is clear in Alabama that if there is evidence to support the trial court’s finding, we must affirm. 2A Ala. Digest Appeal & Error «=>1010.1 et seq. It is appropriate to quote what the Court of Appeals of Alabama said in American Home Building & Loan Ass’n v. Long, 24 Ala.App. 34, 36, 129 So. 793, 794-95 (1930):
To hold in line with the contention of appellant would in effect necessitate a ruling by this court that the judgment so rendered is manifestly and palpably against the evidence in this case, and that the preponderance of the evidence is decidedly adverse to the judgment pronounced and entered. This we cannot do under the general and well-settled principle of law that the verdict of a jury, or judgment by the court upon a trial without the intervention of a jury . should not be disturbed unless the adjudication reached below is far afield from the evidence and the law applicable thereto. A rule of this import is declared in the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738. The rule therein stated has been approved and followed by innumerable decisions of the appellate courts of this state.
In the instant case there was evidence that runoff and consequent build-up of sand on plaintiff’s property was in part caused by his negligent construction of the boathouse on the drainage easement. In addition, there was evidence that docking facilities along the creek naturally silt in every two or three years. Thus, we cannot say that the trial court’s decree was so unsupported by the evidence as to be plainly and palpably wrong.
Plaintiff next contends that the trial court erred by failing to make a finding and ruling on plaintiff’s negligence theory of recovery. We disagree.
Where the trial court omits to make a direct finding on a matter but the decree rendered necessitates such a finding, it is presumed that the finding was made unless such finding would be clearly erroneous and against the great weight of the evidence. Matter of Estate of Amason, Ala., 369 So.2d 786 (1979). As we noted above, there is evidence to support the decree in all respects in addition to that which indicates plaintiff’s contributory negligence caused his damage and bars his recovery as a matter of law. See, e. g., Shumock v. Booker, 41 Ala.App. 451, 134 So.2d 780 (1961).
Plaintiff finally maintains that the court erred to reversal by allowing opinion testimony from a witness not qualified as an expert. We disagree.
The determination of a witness’s competency to testify as an expert is a matter within the sound discretion of the trial court, whose decision will not be disturbed on appeal except for palpable abuse. Clark Lumber Co., Inc. v. Thornton, Ala. *328 Civ.App., 360 So.2d 1019 (1978). A witness may be qualified to testify as an expert when his knowledge is acquired through practical experience as opposed to formal education. See, e. g., Gamble, McElroy’s Alabama Evidence § 127.01(5) (3rd ed. 1977).
In this case, the record reveals that, at the outset of direct examination, the witness in question testified that he had been the Harbor Master of the City of Fairhope, the head of the Harbor Board, and had constructed the city’s docks. Based on these qualifications we find no abuse of discretion in the trial court’s admission of the witness’s opinion as to the causes of silting and silting conditions in the area.
For the foregoing reasons, the case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.