PER CURIAM.
The plaintiff, Hartley, sued the defendant, alleging that the defendant through its agents negligently killed plaintiff’s dog.
The District Court of Washington County entered judgment in favor of plaintiff. The defendant appealed by trial de novo to the Circuit Court of Washington County. At the close of plaintiff’s evidence and at the close of all the evidence, defendant moved for a directed verdict. These motions were denied. A jury returned a verdict in favor of plaintiff and assessed the damages at $500. The defendant made alternative motions for a new trial, judgment notwithstanding the verdict, and remittitur. These motions were also denied.
The defendant appeals from the denial of its motions. The dispositive issue on appeal is whether there is evidence that defendant negligently killed plaintiff’s dog. We find there is no such evidence and reverse.
The record reveals the following: Plaintiff’s dog was found dead in the road shortly after defendant’s truck was observed traveling on the road. There was also testimony to the effect that no other vehicle traveled the road between the time of the truck's passing and the discovery of the dog; that truck tire tracks led up to the dog; and that the dog appeared to have been struck by a vehicle. No one witnessed the death of the dog.
When a plaintiff brings a suit and bases his right of recovery upon the negligence of another, he must show a state of facts from which the negligence charged may be reasonably inferred. In other words, the plaintiff cannot recover unless he proves the defendant to have been negligent. Carlisle v. Central of Ga. Ry. Co., 183 Ala. 195, 62 So. 759 (1913); Shumock v. Booker, 41 Ala.App. 451, 134 So.2d 780 (1961); 15 Ala.Digest, Negligence, Keys 121(1) and 134(1). Furthermore, negligence will not be inferred from a mere showing of an accident and injury. Mobile Press Register, Inc. v. Padgett, 285 Ala. 463, 233 So.2d 472 (1970); Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388 (1961); 15 Ala.Digest, Negligence Key 121(2).
Our review of the record reveals the most that plaintiff established through direct and circumstantial evidence is that defendant’s truck struck and killed plaintiff’s dog. But as indicated above, this alone is not sufficient to prove negligence. There must be additional evidence from which negligence can be inferred.
We note that although Hartley and another witness testified that the truck was traveling at a speed of 40 to 45 miles per hour, there was no evidence indicating that the truck’s speed was in excess of applicable speed limits. There was no evidence that the truck’s speed was excessive in light of existing road and weather conditions. There was in fact no evidence that the speed of the vehicle was in any way responsible for the death of the dog. There was no evidence that the truck was being driven in an improper manner. In short, there was no evidence from which the jury could infer negligence.
The mere possibility that negligence caused an injury, without evidence, is not sufficient to support a verdict. Koger v. Roden Coal Co., 197 Ala. 473, 73 So. 33 (1916). For this reason, we find the learned trial judge erred in denying defendant’s motion for judgment notwithstanding the verdict.
The case is due to be reversed and remanded for entry of a judgment not inconsistent with the above.
REVERSED AND REMANDED.
All the Judges concur.